Parker, C. J.
In the case of Coleman vs. Hall, Adm., which was a scire facias to obtain execution of a judgment before rendered, it was decided that a special plena administravit, under the insolvent law, was a good plea in bar to the scire facias. And, in a case in Cumberland, which was argued at the last term at Portland, and continued for advisement, we have come to the opinion that a similar plea was a good bar to an action against an executrix *295 de son * tort, although administration was taken out after the commencement of the plaintiff’s action, according to the authorities cited for the defendant in the case at bar —■ showing that an executor de son tort may purge the wrong by a rightful administration under letters lawfully granted. † (a)
Between the case referred to, and that now before us, there is no distinction, except that this is a scire facias * upon a judgment, and the other was an original action. In principle, however, there is no difference. The authorities, which show that a wrongful intermeddling may be cured by a subsequent administration, do not limit the principle, but leave it to be applied in all cases where a suit is brought against an executor de son tort. And no injustice is done ; for the plaintiff, upon notice of the administration and of the commission of insolvency, might have filed his claim, and obtained his dividend, with the other creditors ; and the administration bond is a security for all *296 the estate of the intestate, whether it came into the hands of the administrator before, or after, the letters of administration were granted. The plea in bar is, therefore, a sufficient defence to the action; and the replication, neither denying, nor confessing and avoiding, any material allegation of the bar, is adjudged bad. (a)

The chief justice refers here to the case of Andrew vs. Gallison, Exx. The action was assumpsit against the defendant, as she was executrix of Sytvanus Galli son; to which she pleaded plene administravit, according to the statute providing for the settlement ana distribution of insolvent estates. The plaintiff jeplied, that the defendant was executrix in her own wrong; and that, after the commencement of the action, she took out letters of administration, and all her proceedings relative to the estate were under that administration. The defendant demurred to this replication, and the plaintiff joined in demurrer.
The cause was shortly argued by Hopkins for the plaintiff, and Longfellow for the defendant.
Having been favored by the chief justice with the opinion of the Court, as it has been formed at a conference of all the justices, it is here inserted, in anticipation of the decisions of the next term in Cumberland.
Curia. There being a general demurrer, the question in this case is whether, by regular proceedings under the letters of administration, the defendant has purged the original wrong, so as to be discharged from the plaintiff’s claim. And we think she is thus discharged. So was the opinion of the Court in the case of Vaughan vs. Brown; and the same doctrine is admitted in the case of Curtis vs. Vernon, as we understand it; it seeming to be agreed, in that case, that an executor de son tort may legalize his acts which were wrong by taking out letters of administration. If his acts are legalized, they are to be viewed in the same light as if he had been rightful adminis tratbr when the goods came into his hands.
In the case of Curtis vs. Vernon, it was held that an executor de son tort, to dis charge himself from an action, must have delivered over the goods to the rightful administrator before action commenced. But there seems to be a distinction admitted, where another person is appointed administrator, and where administration is committed to the executor de son tort. In the latter case only, the tortious acts are said to be legalized.
In note (2) in 2 Saund. 265, it is laid down by Sergeant Williams precisely, that an administration granted, even pendente lite, to an executor de son tort, legalizes his tortious acts, and gives him a right to retain for his own debt, according to the gen eral rights of executors and administrators at the common lew.
It is undoubtedly hard that an action, rightfully commenced, should be defeated by matter ex post facto ; but that is the case whenever pleas puis darrein continuance are admitted; and it is one of the chances which plaintiffs must submit to when tne*y see fit to commence their suits. Replication adjudged bad. (a) Vide Williams on Exrs. 143, note z. — Laury vs. Alshed, 2 Brownl. 185. — Godolph. pt. 2, c. 8, § 2. — Com. Dig. Adm. 61.

 Coffin vs. Cottle, Suffolk, March T. 1830 Mass. — Williams on Exrs. 112 —145.