Dennis Ronald SHEEHAN, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. S81–0652–(C).

United States District Court, S. D. Mississippi, S. D.

April 19, 1982.

William L. Denton, Biloxi, Miss., for plaintiffs.

Deborah S. Davis, Asst. U. S. Atty., Biloxi, Miss., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM HAROLD COX, District Judge.

### Findings of Fact

█ Plaintiff Dennis Ronald Sheehan and his wife, plaintiff Nellie Katherine Sheehan, filed a complaint against the United States on December 17, 1981, seeking damages under the Federal Tort Claims Act for injuries allegedly caused by Mr. Sheehan's exposure to radiation while he was a member of the Army almost 30 years ago. In the complaint,[1] plaintiffs allege that Mr. Sheehan was exposed to radiation during his participation in a chemical, biological, and radiological warfare school in Japan in 1952, and further that Mr. Sheehan participated in the evaluation of three "atomic blasts" at Camp Desert Rock, Nevada, in 1953. Plaintiffs state that Mr. Sheehan was ordered by the Army to participate in these activities.

---

1. For purposes of ruling upon the Government's motion to dismiss, the Court accepts the well-pleaded allegations of the complaint as true, *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and further accepts as true the facts appearing in uncontroverted exhibits filed by defendant in support of its motion.

**20**

Plaintiffs allege that the United States "negligently, willfully and wantonly failed to provide for the health and safety" of Mr. Sheehan by subjecting him to radioactivity, concealing and/or minimizing the deleterious effects thereof, failing to warn him of such effects, failing to provide adequate testing to determine the general likelihood of adverse health effects from radiation exposure, and, after Mr. Sheehan's discharge from the Army, again failing to warn him of the effects of radiation. Plaintiffs ask an award of five million dollars for numerous physical ailments of Mr. Sheehan, including "Raynaulds Phenomenon" and disc problems, which they attribute to the alleged acts and omissions, and five hundred thousand dollars for Mrs. Sheehan's loss of consortium.

The alleged participation in nuclear bomb testing at Camp Desert Rock was the subject of an application to the Veterans Administration for compensation or pension signed by Mr. Sheehan on March 20, 1979. In that application, Mr. Sheehan stated that he "[r]eceived extreme radiation March 1953 to June 1953 at Camp Desert Rock, Nev.," resulting in several infirmities, including "Raynoud's Disease and Degenerated Disc."

On March 24, 1981, Mr. Sheehan signed a Standard Form 95, Claim for Damage, Injury, or Death, in which he stated that he "was negligently exposed to excessive radiation" in 1953 at Camp Desert Rock. No administrative claim was received from Mr. Sheehan with respect to any of his other claims in the complaint, and no administrative claim of any sort was ever received from Mrs. Sheehan.

### Conclusions of Law

■ The United States, as sovereign, is immune from suit except as it has specifically consented to be sued. The terms of such consent, as set forth expressly by Congress, define this Court's subject matter jurisdiction to entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see also United States v. Orle-*

*ans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The consent of the Government to be sued must be strictly interpreted. *Sherwood*, 312 U.S. at 590, 61 S.Ct. at 771. A waiver of sovereign immunity cannot be implied and must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

### I

All claims set forth in the complaint are barred by the sovereign immunity of the United States under the *Feres* doctrine.

■ The sole avenue for suit against the United States in tort is the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2401(b), 2671–80. In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159. The courts have universally held that when a serviceman is injured incident to his military service, the Government is not liable in tort. *See, e.g., Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); *Stanley v. Central Intelligence Agency*, 639 F.2d 1146 (5th Cir. 1981). The doctrine has been applied not only to negligence actions, but also to suits alleging intentional and constitutional torts. *Id.* at 1152. The focus in the *Feres* doctrine is upon the plaintiff's military status not at the time of the injury, but at the time of the negligent act. *Monaco v. United States*, 661 F.2d 129, 133 (9th Cir. 1981).

■ Because Mr. Sheehan was a service member acting under military orders at the time of the incidents giving rise to this action, his claims for injuries arising out of or in the course of those activities clearly are barred by the *Feres* doctrine.

In addition to asserting Government misconduct in exposing Mr. Sheehan to radiation, plaintiffs have twice alleged a failure

to warn Mr. Sheehan of the harmful effects of radiation. The first allegation apparently encompasses Mr. Sheehan's military duty, and the second concerns only the time after his discharge. Plainly, these allegations together state a "continuing tort" of the sort which the Fifth Circuit has unequivocally held barred by the *Feres* doctrine. *Stanley,* 639 F.2d at 1154. Indeed, the courts which have recently faced the issue of an alleged failure to warn of the risks of exposure to radiation in the context of the military testing program have concluded that *Feres* bars such claims. *E.g., Lombard v. United States,* 530 F.Supp. 918 (D.D.C.1981); *Laswell v. Brown,* 524 F.Supp. 847 (W.D.Mo. 1981); *Kelly v. United States,* 512 F.Supp. 356 (E.D.Pa.1981).

█ Furthermore, it is clear in this case that plaintiffs maintain that the Government knew or should have known of the dangerous effects of radioactivity before Mr. Sheehan left the service. Thus any duty to warn on the part of the Government arose before, not after, Mr. Sheehan's discharge, and suit is barred by *Feres. Broudy v. United States,* 661 F.2d 125, 129 (9th Cir. 1981). In any event, this Court agrees with the conclusion in *Lombard* and *Kelly, supra,* that a failure to warn cannot under any circumstances constitute a separate post-discharge tort, arising as it does out of the serviceman's exposure to radiation during his military service.

█ Mrs. Sheehan's claim for loss of consortium, originating in Mr. Sheehan's own claim of injury, is also barred by *Feres.* It is well established that the *Feres* doctrine bars suits by a serviceman's spouse for loss of consortium even where that cause of action is independent of the injured spouse's claims under state law. *Harrison v. United States,* 479 F.Supp. 529 (D.Conn.1979), *aff'd*

*without opinion,* 622 F.2d 573 (2d Cir.), *cert. denied,* 449 U.S. 828, 101 S.Ct. 93, 66 L.Ed.2d 32 (1980).[2]

## II

Plaintiff Dennis Sheehan's claim for negligent exposure to excessive radiation is barred by the two-year statute of limitations of the Federal Tort Claims Act.

Plaintiff Dennis Sheehan's administrative tort claim form was dated March 24, 1981. In his claim Mr. Sheehan alleged that he had been "negligently exposed to excessive radiation" in 1953 at Camp Desert Rock, Nevada, and that as a result he was "totally and permanently disabled."

Mr. Sheehan had earlier initiated a Veterans Administration claim on March 20, 1979, by completing a VA Form 21–526, Veteran's Application for Compensation or Pension. In that application Mr. Sheehan sought compensation for the same injuries and the same events which form the basis for this lawsuit.

█ A tort claim against the Government must be presented within two years after the claim accrues. 28 U.S.C. section 2401(b). The general rule under the Federal Tort Claims Act is that plaintiff's claim accrues at the time of his injury. Where, as here, the injury is not immediately apparent, the claim accrues when plaintiff's injury manifests itself. *Urie v. Thompson,* 337 U.S. 163, 169–70, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282 (1949); *see also United States v. Kubrick,* 444 U.S. 111, 120 n.7, 100 S.Ct. 352, 358 n.7, 62 L.Ed.2d 259 (1979). Since Mr. Sheehan's injuries manifested themselves prior to the time he applied for veteran's benefits, his claim necessarily accrued more than two years before he presented his administrative tort claim.[3]

2. The Court also notes that Mrs. Sheehan never exhausted her administrative remedies by filing an administrative tort claim. 28 U.S.C. section 2675. For that reason her suit would be barred even if *Feres* were not applicable.

3. Even under the more liberal accrual standards for medical malpractice cases, plaintiffs' suit would be barred. In *Kubrick, supra,* the

Supreme Court held that in malpractice cases the claim accrues when the plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* 444 U.S. at 122, 100 S.Ct. at 359. Mr. Sheehan obviously knew these facts by March 20, 1979, at the latest, when he filed his claim with the Veterans Administration. *Schnurman v. United States,* 490 F.Supp. 429, 435 (E.D.Va.1980).

## Conclusion

For the above reasons, the Court concludes that all of plaintiffs' claims are barred by sovereign immunity under the *Feres* doctrine and under the statute of limitations of the Federal Tort Claims Act, 28 U.S.C. section 2401(b).

Yet his administrative tort claim was not

presented until more than two years later.