**Arnett MURRAY and Charles Murray, Wife and Husband,**

v.

**UNITED STATES of America.**

Civ. A. No. 84–1572.

United States District Court, E.D. Pennsylvania.

Feb. 20, 1985.

Allan M. Horwitz, Philadelphia, Pa., for plaintiffs.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is an action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and § 2671 *et seq.* Plaintiffs allege that on or about April 1, 1981, Arnett Murray slipped and fell at the entranceway to the Post Office at 441 First Avenue, Parkesburg, Pennsylvania. Plaintiffs further allege that Arnett Murray's claim for personal injuries on the required Form 95 was timely presented to the Postal Service and improperly denied. The Government contends that no claim was timely received, so denial was appropriate. Plaintiffs appeal from this denial, and the Government has filed a motion for summary judgment on the ground that plaintiffs' action is time-barred.

■■■ The applicable statute of limitations for FTCA cases is two years; 28 U.S.C. § 2401(b). As a prerequisite to suit under the FTCA, a claim must be "presented" to the appropriate federal agency; 28 U.S.C. § 2675(a). Mailing of an administrative claim is insufficient to satisfy the presentment requirement; "a claim shall be deemed to have been presented when a federal agency *receives* from a claimant ... an executed Standard Form 95 ...." 28 C.F.R. § 14.2(a) (1983) (emphasis added). The FTCA waives the immunity of the United States; the two-year statute of limi-

tations is a condition of that waiver and, consequently, an unwaivable jurisdictional requirement. *See United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir. 1978).

■■ It is undisputed that the original Form 95 was mailed to the Parkesburg Post Office and received on April 4, 1983, three days after the statute of limitations expired. Hence the Government rightly denied this claim as time-barred.

■■ There is a dispute on the record as to when a copy of Form 95 was delivered to the Thirtieth Street Post Office and to whom it was delivered. Plaintiffs' attorney has stated in an affidavit that he hand-delivered, on April 1, 1983, a copy of Form 95 to an unidentified postal employee at the Thirtieth Street Post Office. Defendant has submitted an affidavit from Joseph Ryan, Accident Investigator, stating that a copy of Form 95 was neither hand delivered to nor subsequently received in the Accident Investigator's Office. This disputed fact prevents summary judgment as a matter of law.

But the court is the trier of fact in FTCA cases. Plaintiffs have the burden of showing presentment, *see Bailey v. United States*, 642 F.2d 344 (9th Cir.1981), and oral testimony identical to the affidavit of record is unlikely to meet this burden in view of the lack of documentary proof. The Postal Service has no record of receipt of a copy of Form 95, though a formal routine for receiving and forwarding such claims exists, and plaintiffs also have no receipt and are unable to identify the individual to whom the claim was hand-delivered. It would be reasonable to conclude that plaintiffs' attorney must have delivered the form to someone who was not a post office employee and that no proper presentment could be established on the record.

Because it is unlikely Arnett Murray can meet her burden of presentment and will be time-barred from obtaining any relief from this court, it is not in the interests of the administration of justice to permit this

446

case to go to trial. However, the court will hear oral testimony on a request of counsel subject to Fed.R.Civ.P. 11. But if counsel intends to offer oral testimony in substantiation of his affidavit, he cannot continue to serve as plaintiffs' counsel. Code of Professional Responsibility D.R. 5–102.

Plaintiff Charles Murray asserts that independent of his wife's action, he may pursue a claim for loss of consortium. But Charles Murray failed to file a separate administrative claim within the two-year statutory period. Such a separate claim is required, even where one is claiming loss of consortium. *See Susanin v. United States*, 570 F.Supp. 25 (W.D.Pa. 1983).

Judgment will be entered in favor of defendant United States of America on the ground plaintiffs claims are time-barred unless plaintiffs request an evidentiary hearing within ten (10) days, in which case the court will hear evidence on the issue of presentment *in limine*.