**Mary J. WOZNIAK, Individually and as Administratrix of the Estate of Edward S. Wozniak, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 88–0572–Y.**

United States District Court, D. Massachusetts.

Dec. 9, 1988.

Frank L. Fragomeni, Jr., Flash and Athas, Boston, Mass., for plaintiff.

Marianne Bowler, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff Mary J. Wozniak has brought suit against the defendant United States pursuant to the Federal Tort Claims Act (the "Act") claiming that the defendant's negligence in allowing her husband to fall from a therapy table during treatment caused his death. The United States has moved to dismiss, asserting that the plaintiff failed to comply with a jurisdictional prerequisite of the Act.

## I. BACKGROUND

Edward Wozniak died on April 11, 1983 at the Jamaica Plain Veterans Administration Medical Center. Nearly two years later, on April 9, 1985, his widow, Mary Wozniak, filed an administrative claim alleging negligence on the part of hospital personnel. Mrs. Wozniak described herself on the claim form as administratrix of her husband's estate. In fact, she was not so appointed until October 14, 1986. The administrative claim was denied by the Veter-

ans Administration on April 17, 1986 due to a jurisdictional deficiency, viz., Mrs. Wozniak's failure to provide documentation of her authority as administratrix to file the claim. The claim was denied a second time after reconsideration on November 6, 1987.

## II. DISCUSSION

### A. Mrs. Wozniak's Ability to Bring the Underlying Administrative Claim.

The United States contends that this suit is jurisdictionally deficient because 28 U.S.C. sec. 2675 and 28 C.F.R. sec. 14.3(c) (1986) require that the prerequisite administrative claim must be brought by the executrix or administratrix of the estate or by any person legally entitled to assert such a claim in accordance with applicable state law. Because Mrs. Wozniak had not been appointed administratrix during the two year period she had to file a claim, see 28 U.S.C. sec. 2401(b), the United States argues, she has failed to satisfy the Act's jurisdictional requirements.

As a preliminary matter, the Court observes that claims under the Act are governed by the law of the state in which the wrongful act occurred, in this case, Massachusetts. See United States v. Muniz, 374 U.S. 150, 152–53, 83 S.Ct. 1850, 1852, 10 L.Ed.2d 805 (1963); 28 U.S.C. sec. 1346(b). In considering the government's argument, the Court is mindful of the First Circuit's admonition in Lopez v. United States, 758 F.2d 806 (1st Cir.1985) that the Act was intended to afford injured parties an opportunity for recovery " 'as a matter of right,' " id. at 809 (citing S.Rep. No. 1400, 79th Cong., 2d Sess. 30, 31 [1946] ), and not to "put up a barrier of technicalities to defeat their claims," id. at 809.

The argument of the United States fails for two reasons. First, 28 C.F.R. sec. 14.3 permits Mrs. Wozniak, regardless of her status as an administratrix, to bring an administrative claim. As noted, the regulation permits "any other person legally entitled to assert such a claim in accordance with applicable State law" to bring one. 28 C.F.R. sec. 14.3. Courts have interpreted this passage to mean that individuals, who

are beneficiaries under the applicable state wrongful death statute, are competent to bring such administrative claims in satisfaction of 28 C.F.R. sec. 14.3. *Van Fossen v. United States*, 430 F.Supp. 1017, 1021 (N.D.Cal.1977) (holding that "any person who is intended to be the legal beneficiary of a wrongful death action under the substantive law of the place of the accident, is entitled to file an administrative claim"); *see also Del Valle Rivera v. United States*, 626 F.Supp. 347, 349 (D.P.R.1986) (following *Van Fossen*). Mrs. Wozniak, as the decedent's wife, is a beneficiary under the Massachusetts wrongful death statute. *See* Mass.Gen.Laws ch. 229, secs. 1, 2. Her filing of an administrative claim thus satisfied 28 C.F.R. sec. 14.3 and 28 U.S.C. sec. 2675. This result is in keeping with the congressional intent behind the mandatory administrative claims procedure. As the *Van Fossen* court observed, the mandatory administrative claims procedure is designed to result in a more expeditious settlement of meritorious claims prior to trial. This procedure is "meant to benefit claimants and in no way is [it] designed to preclude [claimants] from their day in court." *Id.* at 1021–22.

■ Second, for the purposes of the Act, this Court holds that Mrs. Wozniak satisfies the administratrix requirement of sec. 14.3 in that her later appointment as an administratrix "related back" to her prior actions on behalf of the estate under Massachusetts law. *See Pflugh v. United States*, 124 F.Supp. 607 (W.D.Pa.1954) (finding the jurisdictional requirements of the Act satisfied where Pennsylvania law recognizes the relation back doctrine); *cf. Avila v. Immigration and Naturalization Service*, 731 F.2d 616, 619–20 (9th Cir.1984) (holding that a father's claim for money expended in locating his retarded son deported to Mexico by the INS related back to his son's claim which had been filed within two years of the incident). Indeed, Massachusetts has long recognized the doctrine of relation back. *See, e.g., Hatch v. Proctor*, 102 Mass. 351 (1869); *Alvord v. Marsh*, 12 Allen 603 (1866); *Shillaber v. Wyman*, 15 Mass. 321, 324–25 & 325 note (unnumbered) (1818). The doctrine stands for the proposition that the actions of an individual, taken before appointment as administratrix of an estate, are made valid as the acts of a duly-appointed administratrix retrospectively upon the later appointment of the individual as administratrix. Thus, Mrs. Wozniak's filing of the administrative claim became the act of an administratrix under Massachusetts law at the time of her appointment fifteen months later.

*Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222 (1972), relied on by the defendant, is inapplicable. In *Gaudette*, the defendant's wife filed suit for the wrongful death of her husband on behalf of her children. After the statute of limitations expired she was named administratrix of the estate. The case is inapposite because, unlike the administrative claim in the instant matter, the claim in *Gaudette* was filed after the statute of limitations had run. *Id.* at 62, 64, 284 N.E.2d 222. Thus, there was no valid claim to which her later appointment as administratrix could relate back. Indeed, apparently recognizing this problem, the plaintiff there did not seek recovery for herself, but only for her children. *Id.* at 72 n. 8, 284 N.E.2d 222. The action with respect to the children was found to survive because the statute of limitations had not yet begun to run due to their disability as minors. *See* Mass.Gen. Laws ch. 260, sec. 7.

*Pringle v. United States*, 419 F.Supp. 289 (D.S.C.1976), on which the defendant also relies, is also inapposite here. In *Pringle*, the court, acting after the two year period had run, refused to allow the appointment of the plaintiff as administratrix of the decedent's estate to relate back to the plaintiff's administrative claim brought within the two year period because South Carolina law did not recognize the relation back doctrine. *Id.* at 291. Indeed it appears that, had South Carolina law been different, so would the outcome there.

Thus, Mrs. Wozniak satisfies sec. 14.3, either as an administratrix, or as a "person legally entitled to assert such a claim in accordance with applicable state law." This result works no prejudice on the government. It had notice of the claim

within the two-year period and an opportunity to settle the matter.[1]

### B. The Loss of Consortium Claim.

■ The government also asserts that Mrs. Wozniak's claim for loss of consortium must be dismissed because it was never properly presented to the Veterans Administration. As a result, the Veterans Administration never had the opportunity to evaluate her claim.

It is well settled in Massachusetts that one spouse's claim for loss of consortium is separate and independent from the claim of the physically injured spouse. *See, e.g., Feltch v. General Motors Corp.*, 383 Mass. 603, 606–08, 421 N.E.2d 67, 70–71 (1981); *cf. Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 271, 493 N.E.2d 206, 212 (1986) (holding that a child's claim for loss of consortium is separate and independent from the injured parent's claim), *rev. denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986). It is also well settled by an impressive number of cases that, where loss of consortium is a separate and independent claim under the applicable state law, it must be expressly raised in an administrative claim to satisfy the jurisdictional requirements of the Act. *See, e.g., Manko v. United States*, 830 F.2d 831, 840 (8th Cir.1987); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir.1983); *Allen v. United States*, 625 F.Supp. 841, 843 n. 1 (D.D.C.1986); *Murray v. United States*, 604 F.Supp. 444, 446 (E.D.Pa.1985); *Swizdor v. United States*, 581 F.Supp. 10, 12 (S.D.Iowa 1983); *Collins v. General Motors Corp.*, 101 F.R.D. 1 (W.D.Pa.1982); *Sheehan v. United States*, 542 F.Supp. 18, 21 n. 2 (S.D.Miss.1982), *aff'd sub nom. Gamspard v. United States*, 713 F.2d 1097 (5th Cir.1983), *cert. denied sub nom. Sheehan v. United States*, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984); *Stephan v. United States*, 490 F.Supp. 323, 324 (W.D.Mich.1980); *Walker v. United States*, 471 F.Supp. 38, 42 (M.D.Fla.1978); *Ryan v. United States*, 457 F.Supp. 400, 402–03 (W.D.Pa.1978); *Heaton v. United States*, 383 F.Supp. 589, 590–91 (S.D.N.Y.1974).[2]

A rare exception to the courts' remarkable uniformity on this issue is *Ottem by*

---

1. A third line of cases supports Wozniak's position. Several courts have held that the failure to provide evidence of the authority of a legal representative to present a claim on behalf of a claimant does not defeat jurisdiction in the federal courts. *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir.1988); *Avila v. Immigration and Naturalization Service*, 731 F.2d 616, 619 (9th Cir.1984); *Warren v. United States Department of Interior*, 724 F.2d 776 (9th Cir.1984) (en banc). Rather, such a failure merely deprives the claimant of the opportunity for an out-of-court settlement. *Knapp*, 844 F.2d at 379. This Court chooses not to rely on these cases because they seem inimical to Congress' clear intent to provide the agency allegedly at fault with the opportunity to settle the claim. *See infra* Section II B. A claimant's failure to establish authority to bring and settle a claim renders the agency incapable of settling prior to litigation as the *Knapp* court recognized. 844 F.2d at 379.

2. This jurisdictional "technicality" is, in fact, essential to the fulfillment of the Congressional intent. In permitting plaintiffs to recover on meritorious claims for the tortious acts of federal employees, Congress sought to ensure that the agency allegedly at fault first have an opportunity to settle and to speed the disposition of matters and avoid congestion in the courts. As the Senate Report noted:

> ... The proposals embodied in H.R. 13650 are intended to ease court congestion and avoid unnecessary litigation, while making it

possible for the Government to expedite the fair settlement of tort claims asserted against the United States. In accomplishing these purposes, the more expeditious procedures provided by this bill will have the effect of reducing the number of pending claims which may become stale and long delayed because of the extended time required for their consideration.

. . . . .

> ... This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. That agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation.

S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News, 2516–17.

A similar purpose, "providing the government an opportunity to conciliate while the complaint is fresh," lies behind the limited filing period provided in the Age Discrimination in Employment Act, 29 U.S.C. sec. 626(d). *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 753 (1st Cir.1988).

*Ottem v. United States,* 594 F.Supp. 283 (D.Minn.1984). There, the court refused to dismiss one plaintiff's loss of consortium claim, holding that although she did not file the required administrative claim, the government agency involved nevertheless received adequate notice of her claim for loss of consortium through discussions with the attorney representing her and her husband. *Id.* at 287. Because the government was not prejudiced and the Act's underlying policy favoring settlement was not impeded, the court determined that it had jurisdiction. *See also, Casey v. United States,* 635 F.Supp. 221, 225 (D.Mass.1986) (holding that the mere listing of the non-injured spouse's name on the claim form was enough to put the agency on notice of her loss of consortium claim and thus to satisfy the jurisdictional requirement).[3]

Here, Mrs. Wozniak noted on the form that she brought her administrative claim as administratrix *and* individually. Under Massachusetts law, although Mrs. Wozniak was a beneficiary under the wrongful death statute, she could only maintain an action for loss of consortium under that statute as administratrix, not as an individual. *See* Mass.Gen.Laws ch. 229, sec. 2. As a result, her statement that she was bringing a claim "individually" takes on some significance. Indeed, one can imagine no claim—other than a claim for loss of consortium—that she, as an individual,

could have arising from her husband's death.

The question before the Court is thus whether, in the circumstances of this case, the burden of deciphering this somewhat opaque claim is to fall on Mrs. Wozniak (and her attorney) or upon the Veterans Administration. Mrs. Wozniak, counselled by her attorney,[4] certainly had the capacity to state her claim explicitly as the statute appears to require. Equally, the Veterans Administration, with a little thought, could have determined that Mrs. Wozniak was stating a claim for loss of consortium. Here, the joint circumstances that Congress intended the Veterans Administration to have first crack at reviewing this claim and that Mrs. Wozniak apparently was acting pursuant to the advice of counsel when she filed it tip the scales against a ruling that the claim asserted here surmounts the jurisdictional hurdle.[5] Accordingly, the claim for loss of consortium is dismissed.

## III. CONCLUSION

The motion to dismiss is DENIED, save that the plaintiff's loss of consortium claim is hereby DISMISSED.

**3.** It is not clear from *Casey* whether the non-injured spouse was listed on the form as a claimant, or merely as a spouse. *See* 635 F.Supp. at 225–26.

**4.** The Court infers that Mrs. Wozniak was represented by counsel when she filed her administrative claim from the language found on the claim form. Mrs. Wozniak listed herself as claimant "[i]ndividually and as Administratrix of the Estate of Edward S. Wozniak." In describing the events which she asserts resulted in her husband's death, she states that his death was "a direct and proximate result of falling due to the negligence of the Government personnel." Such is the language of lawyers, not the laity.

**5.** One might distinguish the consortium issue here from the "lack of authority" cases discussed above, *see supra* note 1, by noting that a party's failure to clearly state the claim she is bringing completely prevents the agency from considering whether to settle the matter: the

agency cannot be expected to ponder what it does not know.

Indeed, as the *Knapp* court made clear, two elements to a claim are essential: "a sufficient description of the injury to enable the agency to conduct an investigation, and a statement of the value of the claim." 844 F.2d at 379; *see also Warren,* 724 F.2d at 779; *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir.1981); *Adams v. United States,* 615 F.2d 284, 289, *clarified in* 622 F.2d 197 (5th Cir.1980). In *Knapp,* the agency was fully aware of the claim and the claimants, and could still have avoided litigation by offering to settle the matter for a sum certain should the claimant have presented authority to so settle. Thus, whereas in *Knapp* the agency merely has an added burden—prompting the plaintiff to secure authority—in the instant matter the agency, unaware what unstated causes of action might be lurking in the obsurity of this administrative claim, is completely disabled from attempting to settle the claim as Congress intended.