Gina DAVIS and George
Davis, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 93–40076 XX GN.

United States District Court,
D. Massachusetts.

Oct. 15, 1993.

Timothy O. Ribley, Fuller, Rosenberg, Palmer & Beliveau, Worcester, MA, for plaintiffs.

Thomas E. Kanwit, U.S. Attorney's Office, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion of defendant[1] for partial summary judgment with respect to a claim of plaintiff, George Davis, for loss of consortium. Defendant contends that plaintiff's claim is barred for lack of subject matter jurisdiction due to plaintiffs' failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. Plaintiff opposes the motion on the grounds that he complied with the requirements of the statute.

1. The United States Postal Service, the original defendant, was dismissed from this action and replaced by the United States of America.

## I. BACKGROUND

As required in considering a motion for summary judgment, the Court reviews the facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griggs–Ryan v. Smith*, 904 F.2d 112, 114–115 (1st Cir.1990).

On or about, January 13, 1992, plaintiff, Gina Davis, sustained personal injuries when she tripped and fell on a metal spike in the sidewalk used to anchor a mailbox. Plaintiffs allege that the defect in the sidewalk was caused by the negligence of the United States Postal Service and its employees.

Plaintiffs' attorney sent, by certified mail, a letter dated February 12, 1992 (the "February letter") to the Postmaster General of the United States, Wayne A. Budd, United States Attorney for the District of Massachusetts, and the Postmaster of the Worcester Post Office. That letter informed the addressees of the accident and of the plaintiffs' claims for damages, including Mr. Davis' claim for loss of consortium, resulting from the negligence of the Postal Service. Four months later, in June 1992, plaintiffs filed a Form 95 complaint against the Postal Service listing Gina Davis as claimant and citing her bodily injuries. Mr. Davis's name was listed on the form as a witness and as the husband of Gina Davis, but there was no reference to Mr. Davis' loss of consortium claim.

## II. DISCUSSION

### A. *Summary Judgment*

Summary judgment shall issue where the pleadings, discovery on file and affidavits, if any, show that "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court "must view the entire record in the light most hospitable" to the non-moving party, plaintiff George Davis, "indulging all reasonable inferences in [his] favor." *Griggs–Ryan*, 904 F.2d at 115.

■ It is well settled in Massachusetts that an action for loss of consortium is separate and independent from the claim of the physically injured spouse. *See Wozniak v.*

*United States*, 701 F.Supp. 259, 262 (D.Mass. 1988) and cases cited therein. It is also well established that where, as in Massachusetts, loss of consortium is independent of the spouse's personal injury claim, it must be separately raised in an administrative claim. *Wozniak*, 701 F.Supp. at 262.

There have been a few exceptions to the general rule:

(1) In *Ottem by Ottem v. United States*, 594 F.Supp. 283, 286–287 (D.Minn.1984), the plaintiffs failed to file a separate administrative claim for the wife's loss of consortium, however, their attorney had several conversations with the government agency handling the claim informing them of the loss of consortium claim and discussing its status. The government reassured the attorney for the plaintiffs that the claim for loss of consortium had been adequately presented, and the court determined that, because the government was not prejudiced and the FTCA's underlying policy favoring settlement was not impeded, it had jurisdiction over the claim.

(2) In *Casey v. United States*, 635 F.Supp. 221, 225 (D.Mass.1986), both husband and wife were listed as claimants on Form 95 even though no mention was made of the wife's loss of consortium claim. The court determined that

> "the mere listing of the non-injured spouse's name on the claim form was enough to put the agency on notice of the her loss of consortium claim and thus to satisfy the jurisdictional requirement."

635 F.Supp. at 225.

■ In the case at bar, only Mrs. Davis was listed as a claimant on Form 95 and no mention was made of a claim by her husband for loss of consortium. Although the plaintiffs notified the government of the loss of consortium claim in the February letter, their subsequent action, specifically, the filing of a Form 95 listing only the personal injury claim of Mrs. Davis, superseded that notice. The initial letter does not constitute notice to the government within the meaning of the applicable statute.

Pursuant to 28 U.S.C. § 2675(a) of the FTCA:

> "an action shall not be instituted upon a claim against the United States for money

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

The requirements of § 2675(a) are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Knapp v. U.S.,* 844 F.2d 376, 379 (6th Cir.1988). Furthermore, under the provisions of 39 CFR § 912.5, governing Post Office procedures:

"... a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification, accompanied by a claim for money damages in a sum certain ..."

Plaintiffs in this action informed the Postal Service and the U.S. Attorney of all of their claims in the February letter, but did not place a value on those claims. In the Form 95 subsequently filed, plaintiffs placed a value of $100,000 on Mrs. Davis' alleged injuries, but no Form 95 was filed by plaintiffs for Mr. Davis' claim nor did plaintiffs ever place a value on such claim.

Plaintiffs have failed to meet the administrative filing and notice requirement with respect to the claim for loss of consortium, and accordingly, this Court lacks subject matter jurisdiction over such claim. Therefore, the defendant's motion for partial summary judgment will be granted.

## III. ORDER

For the foregoing reasons, defendant's motion for partial summary judgment is ALLOWED.

SO ORDERED.