**Naomi MCDAVID, on her own behalf and as the personal representative of Oney McDavid, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.A. 3:01–0760.

United States District Court,
S.D. West Virginia.
Huntington Division.

Nov. 21, 2003.

Stuart Calwell, Esquire, David H. Carriger, The Calwell Practice, Charleston, WV, for Plaintiff.

Stephen M. Horn, Assistant U.S. Attorney, Charleston, WV, Ray L. Hampton, II, Esquire, Special Assistant U.S. Attorney, Huntington, WV, for Defendant.

**ORDER**

CHAMBERS, District Judge.

Currently pending before the Court are two interrelated motions by the Govern-

ment. In its first motion, the Government requests the Court dismiss Plaintiff Naomi McDavid's Amended Complaint for failure to state a claim upon which relief can be granted and/or for summary judgment. In its second motion, the Government asks the Court to dismiss Mrs. McDavid's wrongful death and loss of consortium claims for lack of subject matter jurisdiction. Upon review, and for the following reasons, the Court **DENIES** both motions.

The facts relevant to the Government's motion appear to be mostly undisputed. On July 11, 2000, Oney McDavid, Mrs. McDavid's husband, died of lung cancer. On July 14, 2000, Mrs. McDavid filed an administrative claim with the Veterans Administration under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671— 2680, for decedent's injuries and wrongful death.[1] On November 29, 2001, this Court entered an Order dismissing Mrs. McDavid's wrongful death claim without prejudice because she had not properly completed the administrative claim form for wrongful death.[2] In that Order, the Court also certified the following question to the West Virginia Supreme Court:

Whether a decedent's beneficiaries may recover damages for a decedent's pain and suffering, incurred between the time of injury and the time of death, where the injuries result in death but the decedent did not institute an action for personal injury prior to his or her death?

*McDavid v. United States*, 213 W.Va. 592, 584 S.E.2d 226, 227 (2003). On July 3, 2003, the West Virginia Supreme Court answered the certified question in the affirmative. *Id.* In the meantime, on December 20, 2001, Mrs. McDavid refiled her administrative claim form for wrongful death.[3] On the claim form, Mrs. McDavid seeks wrongful death damages in the amount of $2,500,000.

Now, over three years since the original administrative claim form was filed and nearly two years after the wrongful death claim was filed, the Government moves to dismiss the action, or be granted summary judgment, on the grounds that Mrs. McDavid was not the duly appointed personal representative of her husband as required by law. *See* 28 C.F.R. § 14.2.[4] Instead, the decedent's children, William Terry McDavid and Barbara J. Kozee, were

---

1. According to Mrs. McDavid, this claim was denied on February 21, 2001.

2. The Court found Mrs. McDavid "left blank the section asking for a dollar amount for wrongful death," as is required by law. *McDavid v. United States*, No. 3:01–760, at 5 (S.D.W.Va. Nov. 29, 2001).

3. Apparently, the Veterans Administration did not issue an express decision on this claim. In its Answer to Mrs. McDavid's Amended Complaint, however, the Government agrees that the filing of the Amended Complaint is a deemed denial of this claim. *See* 28 U.S.C. § 2675(a) (providing, in part, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section").

4. Section 14.2(a), states:

For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.
28 C.F.R. § 14.2(a).

named as co-executors of their father's estate.[5] From the documents attached to the Government's motion, it appears that the decedent's children were confirmed as co-executors on July 31, 2000, after Mrs. McDavid filed the original administrative claim, and the final settlement of the estate was completed on December 18, 2000, before Mrs. McDavid filed the wrongful death administrative claim. *See United States' Motion to Dismiss Wrongful Death Claim and Loss of Consortium Claim for Lack of Subject Matter Jurisdiction,* Exhibits 1 & 2.

In her Response, Mrs. McDavid admits that she was not the appointed personal representative of her husband at the time she filed the administrative claims. Nevertheless, she argues her claims should not be dismissed because she was declared the administratrix of her husband's estate on October 20, 2003, for the purpose of pursuing this lawsuit, and such appointment should be deemed retroactive to the date of the original claims. In support of her argument Mrs. McDavid cites *Wozniak v. United States,* 701 F.Supp. 259 (D.Mass. 1988).

In *Wozniak,* the court was confronted with a similar issue as exists here. Specif-ically, a widow filed a claim with the Veterans Administration claiming that her husband was treated negligently at one of its medical facilities and such treatment resulted in his death. 701 F.Supp. at 260. However, at the time she filed the claim, the claimant was not appointed as the administratrix of her husband's estate. *Id.* Therefore, the Veterans Administration denied her claim because of her failure to provide documentation of her authority as administratrix. *Id.* After a second denial upon reconsideration, the claimant filed suit in the district court under the FTCA. *Id.*

In response to the lawsuit, the Government argued, as it does here, that claimant failed to meet the jurisdictional requirements of the FTCA under 28 U.S.C. § 2675 and 28 C.F.R. § 14.3(c) because she was not appointed as the administratrix during the two-year period she had to file her claim.[6] These provisions provide that a wrongful death claim must be brought by the executor or administrator of the estate, or by another "person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c), in part.[7] As clearly stat-

5. The Court notes that Mr. and Mrs. McDavid were married in 1941, and Mrs. McDavid is listed as the only distributee of Mr. McDavid's estate. *See United States' Motion to Dismiss Wrongful Death Claim and Loss of Consortium Claim for Lack of Subject Matter Jurisdiction,* Ex. 2.

6. *See* 28 U.S.C. § 2401(b) (stating "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented").

7. Section 14.3(c) provides, in full: "A claim based on death may be presented by the exec-utor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c). Section 2675 provides, in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675.

ed in § 14.3(c), and as recognized by the court, state law controls who is entitled to assert a wrongful death claim. 701 F.Supp. at 260. In addition, the court recognized that the purpose of the FTCA "was intended to afford injured parties an opportunity for recovery "'as a matter of right,'" and not to 'put up a barrier of technicalities to defeat their claims[.]'" *Id.* (quoting *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir.1985)).[8] With these tenants in mind, the court considered whether the widow's later appointment as administratrix could "relate back" to the time she filed her administrative claim.[9]

In looking at Massachusetts law, the court found the doctrine of relation back has long been recognized in that state. 701 F.Supp. at 261. "The doctrine stands for the proposition that the actions of an individual, taken before appointment as administratrix of an estate, are made valid as the acts of a duly-appointed administratrix retrospectively upon the later appoint-ment of the individual as administratrix." *Id.* Accordingly, the *Wozniak* court found that the decedent's widow satisfied the requirement of § 14.3 because her later appointment as administratrix related back to the filing of her claim. *Id. See also Pflugh v. United States*, 124 F.Supp. 607 (W.D.Pa.1954) (applying relation back doctrine under Pennsylvania law to widow who filed claim before she was appointed as administratrix). The court further found that such relation back did not prejudice the Government because "[i]t had notice of the claim within the two-year period and an opportunity to settle the matter." *Id.* 261–62 (footnote omitted).

In the present case, Mrs. McDavid argues that the same relation back principle applies under West Virginia law. In *Richardson v. Kennedy*, 197 W.Va. 326, 475 S.E.2d 418 (1996), the West Virginia Supreme Court addressed the issue of whether a wrongful death suit could be instituted by either an administrator of an estate,

**8.** *Lopez* quotes S.Rep. No. 1400, 79th Cong., 2d Sess. 30, 31 (1946), and S.Rep. No. 1327, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S.Code Cong. & Ad.News 2515, 2516 ("Senate Report 1327").

**9.** Before discussing the relation back doctrine, the *Wozniak* court also discussed who is entitled to bring administrative claims under § 14.3. Although Mrs. McDavid has not raised this precise issue in the present case, the Court mentions that the *Wozniak* court recognized that other courts have interpreted the language of § 14.3 to allow anyone under state law who is considered a *beneficiary* under that state's wrongful death statute to bring an administrative claim. 701 F.Supp. at 260–61. As support, the court cited, in part, *Van Fossen v. United States*, 430 F.Supp. 1017 (N.D.Cal.1977).

In *Van Fossen*, a California court interpreted Virginia law and found the Virginia requirement that only a resident personal representative may *bring* an action for wrongful death did not limit who is entitled to *"assert a claim"* under § 14.3(c). 430 F.Supp. at 1020–21. Instead, the court found under Virginia law that the personal representative pri-marily sues as a trustee on behalf of the statutory beneficiaries. *Id.* at 1021 (citations omitted). As the plaintiffs in *Van Fossen* were statutory beneficiaries by law, they, in turn, could sue the personal representative for an accounting of the proceeds. Therefore, the court found it "specious to argue that persons who are named as statutory beneficiaries with a right to an accounting from their personal representatives are not legally entitled to assert a claim for wrongful death" because of their non-resident status. *Id.* Thus, the court held that, although none of the plaintiffs were the resident personal representative of the decedent, they could "assert a claim" under § 14.3(c) at the administrative stage. *Id.* The court continued to state that if a lawsuit is filed under the FTCA, then a court must determine whether a claimant is entitled to recover under the applicable state law. If the claimant is not entitled to recover, "the court must dismiss the action for lack of jurisdiction due to [the claimant's] failure to present a proper administrative claim." *Id.* at 1024 (citations omitted).

whose term as administrator had expired prior to the suit being filed, or by a decedent's widow who was the decedent's only heir but who was never named as the administratrix. 475 S.E.2d at 419–20. In beginning its analysis, the court first found that it goes without question under West Virginia law " 'that a wrongful death action must be brought by the personal representative of a decedent's estate.' " *Id.* at 424 (quoting *Trail v. Hawley,* 163 W.Va. 626, 259 S.E.2d 423, 425 (1979); also citing W. Va.Code § 55–7–6 (1976) (other citation omitted)). Although the court recognized that a personal representative is a nominal party in terms of recovery (because any recovery passes to the statutory beneficiaries), such person is a real party in interest under West Virginia Code § 55–7–6 (1992). *Id.* The court then found that under Rule 17(a) of the West Virginia Rules of Civil Procedure, a case should not be dismissed "if the basis for the dismissal is that the action was not prosecuted by the real party in interest, until a reasonable opportunity is provided to allow the proper real party in interest to maintain this action." *Id.* at 424–25 (citing W. Va. R. Civ. P. 17(a)).[10] In the case before it, the court determined that the former administrator did not desire to pursue the wrongful death claim and, therefore, the court remanded the action back to the lower court and directed the County Commission to grant the widow's request to be substituted as the administratrix pursuant to Rule 17(a). *Id.* 425–26. Thereafter, the court stated in footnote 19 that "once a person is qualified as the personal representative . . ., then this action shall continue in the same fashion as if it had been commenced in the name of that personal representative on the date that civil action was initially filed[.]" *Id.* at 426 n. 19.

In response to Mrs. McDavid's arguments, the Government asserts that *Wozniak* and *Richardson* do not give this Court subject matter jurisdiction because they are contrary to the Fourth Circuit's holding in *Ahmed v. United States,* 30 F.3d 514 (4th Cir.1994). The Court finds *Ahmed,* however, is distinguishable from the case at hand. In *Ahmed,* the plaintiffs' insurer filed an administrative claim for property damage resulting from a car accident with a Navy employee. 30 F.3d at 515. The plaintiffs authorized their insurer to pursue their deductible for damages done to the vehicle, but they never authorized the insurer to pursue a personal injury claim. *Id.* at 515, 517. The insurer noted on the administrative claim form that there was a potential personal injury claim, but it did not specify an amount. *Id.* 515–16. Thereafter, the insurer settled its claim and informed the Navy that it would not be pursuing any other claim. *Id.* at 516.

More than two and one-half years after the car accident, the plaintiffs filed suit under the FTCA. *Id.* At that point, the

---

**10.** Rule 17(a) provides:

    **Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, or any other fiduciary, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by law may sue in that person's own name without joining the party for whose benefit the action is brought. When a law of the state so provides, an action for the use or benefit of another shall

be brought in the name of the state or any political subdivision thereof. *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

W. Va. R. Civ. P. 17(a) (emphasis added).

two-year statute of limitations had run, and the Government moved to dismiss the action for failure to exhaust their administrative remedies. *Id.* The district court agreed and dismissed the action. The plaintiffs then appealed to the Fourth Circuit. *Id.* at 516.

In its opinion, the Fourth Circuit affirmed the lower court's decision because the plaintiffs never made an administrative claim for a personal injury. *Id.* at 518. After looking at the regulations, the Fourth Circuit concluded that:

> in order to *present* a personal injury claim to the appropriate administrative agency, the claimant must present it to the agency in writing by means of an SF 95 or an equivalent; the writing must include a claim for money damages in a sum certain; if the claimant is represented, the representative's authorization must be demonstrated; and these matters must be accomplished within two years of the incident.

*Id.* at 517 (emphasis original). In the case before it, the Fourth Circuit noted that, although the form completed by the insurer mentioned a potential claim, the notation was insufficient to cause the Navy to investigate the claim and there was no sum-certain request as required by law. *Id.* The plaintiffs argued it was impossible to put a sum-certain amount on the claim because it was unknown at the time. *Id.* However, the Fourth Circuit found the plaintiffs could have amended their claim after it was filed, and their failure to assert a sum-certain in any amount was fatal to any arguments that an administrative claim existed and that they exhausted their administrative remedies. *Id.* at 518. Likewise, the plaintiffs never completed an administrative form, and it was clear they never sought representation by their insurer for the personal injury and their insurer informed the Navy that it was not seeking reimbursement beyond the prop-

erty damage claim. *Id.* Thus, as the Fourth Circuit held "the requirement of filing an administrative claim is jurisdictional and may not be waived," it concluded the plaintiffs failed to present a personal injury claim within the two-year statute of limitations and, therefore, they were barred from bringing a lawsuit. *Id.* at 516, 518 (internal quotations and citation omitted).

Under *Ahmed,* the Government argues this Court lacks subject matter jurisdiction because Mrs. McDavid's claim likewise was not properly filed within the two-year period. However, the Court finds the Government's argument unpersuasive. In *Ahmed,* it is clear that no personal injury administrative claim was *ever* filed. The only claim filed was for property damage with a notation that a personal injury claim may exist. Moreover, the insurer who completed the form for property damage denied that it would be pursuing a personal injury claim, and the plaintiffs offered no evidence that they ever intended the insurer to pursue the personal injury claim on their behalf. Thus, the "relation back" principle was never raised because the plaintiffs did not even attempt to make a claim within the two-year period. To the contrary, in the present case, Mrs. McDavid completed the administrative form in which she stated a claim for wrongful death and asked for a sum certain amount. The only problem with her claim is that she was not appointed as the administratrix until after the two-year period had expired. Her claim included the substantive elements for which the court in *Ahmed* looked, but could not find, in the filings with the agency.

As stated in *Wozniak,* § 14.3(c) provides that State law controls who is entitled to assert an administrative claim for wrongful death under the FTCA. 701 F.Supp. at 260. Thus, it is clear that West Virginia

law controls who is entitled to bring the present claim. In *Richardson,* the West Virginia Supreme Court permitted a wrongful death suit to survive where the widow of the decedent did not request to be appointed as the administratrix until after the statute of limitations had expired. 197 W.Va. 334, 475 S.E.2d 426. Indeed, the Court determined that, once the widow was qualified as the personal representative of the decedent, the qualification should relate back to the original filing date. *Id.* at n. 19.[11] The Court sees no reason why West Virginia law should not apply to this case, as required by § 14.3(c).

■ In addition, as indicated in *Wozniak,* the purpose of the mandatory claims procedure is to promote "a more expeditious settlement of meritorious claims prior to trial. This procedure is meant to benefit claimants and in no way is [it] designed to preclude [claimants] from their day in court." 701 F.Supp. at 261 (internal quotations and citation omitted). In this case, the Court finds that applying State law and allowing Mrs. McDavid to pursue her claim fulfills this underlying purpose. Unlike *Ahmed,* it is beyond dispute the Government knew of the wrongful death claim and the sum-certain amount being

requested within the two-year statute of limitations. Thus, the Government cannot, and does not, contend that the Veterans Administration could not have investigated the claim and, if warranted, determined an appropriate settlement amount. Moreover, as the Government knew of the claim, the Government cannot contend that it was unaware or surprised by the claim. Therefore, the Court rejects its argument that it will now be prejudiced if the claim is allowed to proceed.[12] In sum, the Court finds there is no impediment to Mrs. McDavid's appointment as administratrix relating back to her administrative claim for wrongful death. Accordingly, the Court **DENIES** the Government's motion to dismiss her claim on this basis.[13]

The Government next argues that this Court does not have subject matter jurisdiction over any claim that Mrs. McDavid may make in her individual capacity for loss of consortium because she "did not factually allege in any complaint that she has presented an administrative tort claim for her loss of consortium[.]" *Memorandum of Law in Support of United States' Motion to Dismiss Wrongful Death Damage Claim and Loss of Consortium Claim for Lack of Subject Matter Jurisdiction,* at

11. The Government makes a cursory statement, however, that *Richardson* cannot vest this Court with subject matter jurisdiction because it relies upon a state civil procedure rule which is not applicable to the FTCA. The Court finds this argument without merit because the federal regulations provide for a claim to be filed by anyone who is legally entitled to assert a claim under State law. Here, it is clear under West Virginia law that Mrs. McDavid would be entitled to assert a claim and her appointment as administratrix relates back to the date the claim was filed.

12. In fact, the Government states in its Reply that, "[u]ntil plaintiff deemed the wrongful death damage claim denied by filing the Amended Complaint, she could have amended her claim if she had been appointed Administrator of the Estate." *United States' Reply in*

Support of Motions to Dismiss for Want of Subject Matter Jurisdiction and Failure to State a Claim, at 2 (citations omitted). Thus, the Government is basically conceding that it could have been subject to the claim up to the point the Amended Complaint was filed on September 3, 2003. Under these circumstances, it is difficult for the Court to fathom how the Government is now suddenly wrongfully burdened with a wrongful death suit by its realization that Mrs. McDavid was not the actual administratrix at the time the administrative claim was filed.

13. In its motion to dismiss the Amended Complaint and/or for summary judgment, the Government does not make any specific independent arguments regarding the personal injury claim.

5. Thus, the Government states that her reliance on Mr. McDavid's personal injury claim is legally insufficient. *Id.* (citing *DuPont v. United States,* 980 F.Supp. 192 (S.D.W.Va.1997) (holding that the spouse of an injured party has an independent loss of consortium claim under West Virginia law and must submit the claim to the administrative agency in order to vest subject matter jurisdiction in the district court under the FTCA)). In response, Mrs. McDavid concedes that she did not bring a separate administrative claim for loss of consortium related to Mr. McDavid's personal injury and, therefore, she cannot maintain one before this Court that is related to that claim. However, Mrs. McDavid argues that her claim for loss of consortium does not fall under Mr. McDavid's personal injury claim; rather, it arises by virtue of language of West Virginia's wrongful death statute. Specifically, West Virginia Code § 55–7–6(c)(1) provides, in part, that a jury verdict for wrongful death

> shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent[.]

W. Va.Code § 55–7–6(c)(1), in part.

■ Upon examination of the statute, this Court agrees with Mrs. McDavid that, unlike a personal injury situation, her loss of consortium claim is incorporated in the language of the wrongful death statute. *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir.1995) (stating, in dicta, that it is doubtful "there can be a separate cause of action for loss of consortium in a wrongful death action under West Virginia law, as loss of consortium is treated as part of the damages awarded in a wrongful death

action" (citing *Belcher v. Goins,* 184 W.Va. 395, 400 S.E.2d 830, 834 & n. 4 (1990))). Therefore, the Court finds it was unnecessary for Mrs. McDavid to file a separate loss of consortium claim because the damages encompassed by a loss of consortium claim are already covered under the wrongful death statute itself and the Government was on notice of those damages by virtue of her wrongful death claim. *See Nielsen v. United States,* No. 94 C 383, 1995 WL 88796, at *2–3 (N.D.Ill. March 1, 1995) (finding that "loss of consortium is an element of damages under the Illinois Wrongful Death Act" so the Government had sufficient notice of the possible claim and decedent's widow did not have to file a separate administrative claim). Accordingly, the Court **DENIES** the Government's request to dismiss Mrs. McDavid's loss of consortium claim.

Thus, for the foregoing reasons, the Court **DENIES** the Government's motions to dismiss for failure to state a claim and/or for summary judgment and its motion to dismiss for lack of subject matter jurisdiction.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties and to publish this Order on the Court's website.