MARY DUNN TRAIL, *et al.*

*v.*

HELEN HAWLEY, *etc.*

(No. 14388)

Decided November 6, 1979.

*Thornhill, Kennedy & Vaughan, W. A. Thornhill, III,* for appellants.

*Earl Carl Meadows, Jr., Edward W. Cochran* for appellee.

NEELY, JUSTICE:

This case presents the question of whether the heirs[1] of a deceased may bring a declaratory judgment action to determine if the deceased's personal representative is prosecuting a wrongful death action in consonance with her fiduciary duty to the heirs. We find that they may.

On 3 July 1978, Paul Dunn was killed in an automobile accident leaving as his heirs the petitioners, his sisters. Mr. Dunn left a will naming the appellee, respondent below, Helen Hawley, executrix. On 14 July 1978, the appellants, petitioners below, employed a law firm in Beckley, West Virginia to represent them in a wrongful death claim arising from Mr. Dunn's death. Helen Hawley apparently refused to work with that firm and instead hired her nephew, an Ohio lawyer, to handle the wrongful death claim. Appellants filed a declaratory judgment action in the Circuit Court of Raleigh County pursuant to *W. Va. Code,* 55-13-2 [1941] seeking judgment on the following questions: 1) whether the petitioners or the respondent have the right to employ an attorney to prosecute the wrongful death action; 2) whether the petitioners or the respondent have the right to control the negotiations of this claim and/or a settlement of the same; and, 3) whether the petitioners have the right to file through their attorney a wrongful death action in respondent's name as executrix. The lower court granted appellee's motion to dismiss for failure to state a claim upon which relief can be granted.

The only issue in the case before us is whether a justiciable controversy exists between the parties which would make a declaratory judgment action proper. While the Uniform Declaratory Judgments Act, *W. Va. Code,* 55-13-1 et seq. [1941] does not *expressly* require a justiciable controversy as a condition precedent to its application, we have held that the issue to be determined

---

[1]"Heirs," as used in this opinion, means those persons who will ultimately have the right to any recovery in wrongful death pursuant to *W. Va. Code,* 55-7-6 [1976].

must be potentially justiciable at some future time when the things sought to be avoided by the declaratory judgment action will have occurred. *Robertson v. Hatcher*, 148 W. Va. 239, 135 S.E.2d 675 (1964). Simply stated, for the purposes of a declaratory judgment action, a justiciable controversy exists when a legal right is claimed by one party and denied by another. *Robertson, supra.* One exists in the case before us.

It cannot be questioned that a wrongful death action, *W. Va. Code*, 55-7-6 [1976], must be brought by the personal representative of a decedent's estate; however, that representative serves not as a representative of the deceased but as a trustee for the heirs who will receive any recovery, *Thompson v. Mann*, 65 W. Va. 648, 64 S.E. 920 (1909). It follows, therefore, that the personal representative stands in a fiduciary relationship to the ultimate distributees and must act in their best interests. That disagreements over what is proper prosecution of a wrongful death action can lead to serious law suits after the damage is done should be obvious, as the case before us amply demonstrates: appellants wish to hire a law firm which they believe can procure them the largest possible recovery while the appellee wishes to hire her nephew, an Ohio attorney. Respondent maintains that since she alone can bring the wrongful death action she necessarily has the right to choose the attorney to handle the litigation; however, such a view completely ignores her corresponding fiduciary duty to the petitioners. While no settlement may be made without the apellants' consent, *W. Va. Code*, 55-7-7 [1931], if litigation is carried to judgment, that judgment will be binding on appellants and their only relief for improper handling of their claim will be prosecution of a suit against the respondent or her lawyer—a claim which may be difficult to reduce to judgment and even more difficult to collect since a personal representative may be nominated to serve without surety on her official bond. There can be no action against the assets of the decedent's estate, since the fiduciary when bringing a wrongful death action is not the agent for the estate, *State v.*

*Daugherty*, 138 W. Va. 144, 77 S.E.2d 338 (1953). Given that the ultimate risk to heirs is so great and the potential loss to personal representatives is so minimal, a procedure to insure that the representative in prosecuting a wrongful death action is acting in consonance with his or her fiduciary duty to the heirs is necessary and a declaratory judgment action is the proper procedure. Heirs, who will be the ultimate distributees of a wrongful death recovery, may bring a declaratory judgment action against the personal representative of the decedent's estate when a controversy exists concerning whether the representative is fulfilling his or her duties. The court before whom the action is brought should determine the facts in accordance with *W. Va. Code*, 55-13-9 [1941] and render a decision regarding whether the representative is fulfilling his or her fiduciary duty.

The fact that the lawyer whom the personal representative wishes to hire is her nephew and practices in Ohio does not necessarily mean that he is not superior to the lawyers whom the petitioners wish to hire in Beckley. However, does it not seem that the law would be an ass if we were to hold that this question must be determined after the personal representative has hired a young, incompetent lawyer totally ignorant of West Virginia law who then may make a procedural error, such as letting the statute of limitations run out during settlement negotiations, leaving the heirs to bring a suit against both personal representative and Ohio lawyer. In that type of law suit in order to prove the negligence of the personal representative, one would need to prove the negligence of the Ohio lawyer, and in order to show that he should have received, with reasonable skill and judgment, a verdict, it would be necessary to try the merits of the accident case. Better to nip that poisonous flower in the bud and investigate in the declaratory proceedings whether the Ohio lawyer knows anything, and whether he is offering a reasonable, competitive price for his services. It is a general, if somewhat disregarded, rule of law that appointment as a fiduciary of an estate does not *ipso facto* convert one into an heir. It is

not nice, to say nothing of being illegal, to milk an estate for the benefit of oneself or one's kin. There is no reason why heirs who discover that the udder of the estate is covered with hands should not ask the courts for both relief and guidance before all the luscious white liquid has been drunk by strangers.

For the reasons stated above, the judgment of the Circuit Court of Raleigh County is reversed.

*Reversed.*