475 S.E.2d 418

Joseph RICHARDSON, Personal Representative of the Estate of Richard Walter Richardson, Appellant,

v.

George KENNEDY, M.D., and Charles Town General Hospital, Inc., dba Jefferson Memorial Hospital, Appellees.

No. 22779.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 17, 1996.

Decided July 5, 1996.

William R. DeHaven, Martinsburg, for Appellant.

Charles F. Printz, Jr., Kimberly S. Croyle, Bowles Rice McDavid Graff & Love, Martinsburg, for Appellee Kennedy.

P. Gregory Haddad, Steptoe & Johnson, Morgantown, Curtis G. Power, III, Steptoe & Johnson, Martinsburg, for Appellee Jefferson Memorial.

RECHT, Justice:

We are asked to review the dismissal of a wrongful death action which was brought in the names of (1) the personal representative whose authority had arguably terminated at the time the action was filed; and (2) the widow of the decedent. The Circuit Court of Jefferson County dismissed the cause of action brought by Joseph Richardson, as personal representative of his deceased brother Richard Walter Richardson, upon the defendant's assertion that the personal representative's authority ended after the discharge of the administrator's bond. The circuit court also dismissed the action brought by Cheryl Richardson, presumably because she lacked the capacity to sue. Because this wrongful death action was dismissed contrary to the provisions of Rule 17(a) of the West Virginia Rules of Civil Procedure, we reverse and remand for further proceedings.

I.

FACTS AND PROCEDURAL HISTORY

This action was filed by Joseph Richardson, as administrator of the estate of Richard Walter Richardson, and by Cheryl Richardson, the decedent's widow (hereinafter "appellant") on June 30, 1992, against Dr. George Kennedy and Charles Town Memorial Hospital, Inc., dba Jefferson Memorial Hospital (hereinafter "appellees"), alleging the medical mismanagement of Richard Richardson.[1]

The complaint alleges that on July 2, 1990, Richard Richardson arrived at the Jefferson Memorial Hospital complaining of chest

---

**1.** The style of this case on appeal is a bit confusing; for reasons not apparent on this record, the final order entered by the circuit court has deleted all reference to Cheryl Richardson. When we use the term "appellant," we are referring to both Joseph Richardson and Cheryl Richardson.

pains. He was examined by Dr. George Kennedy, who advised Mr. Richardson that his chest pains were the result of a poor diet and recommended a change in eating habits and a few days respite from work. Mr. Richardson's chest pains recurred as he was preparing to leave the hospital, and Dr. Kennedy prescribed an antacid remedy and sent Mr. Richardson home. Mr. Richardson died of a heart attack a few hours after being discharged from the hospital. The allegations of medical mismanagement are that the diagnosis and treatment of Mr. Richardson were wrong.

Richard Richardson died intestate. Joseph Richardson, the decedent's brother, qualified as administrator of the estate of Richard Richardson on July 13, 1990. *See* W. Va.Code 44–1–6 (1923). An appropriate bond and approved surety were executed contemporaneously with the appointment. The entire estate was distributed to the only heir-at-law, the decedent's widow, Cheryl Richardson. According to the appraisement filed on July 31, 1990, the only probate assets in the estate included a motor vehicle and miscellaneous personal property. The remainder of the estate was non-probate assets of both real and personal property held as joint tenants with a right of survivorship.

The Record of Fiduciaries of Jefferson County is meager in providing information relating to the administration of this estate other than revealing the date of qualification; the amount of the bond and identity of the surety; and the date of the filing of the appraisement and recording information relating to the inheritance tax release. The

Record contained no date of final settlement or information as to when the administration of the estate was concluded. The State of West Virginia Department of Tax and Revenue filed a Certificate of Non–Liability and Release of Lien for Estate Tax on September 12, 1990.

On June 25, 1992, approximately one week prior to the expiration of the statute of limitations for filing a wrongful death claim,[2] Cheryl Richardson, the sole beneficiary of her husband's estate, appeared before the County Commission of Jefferson County and requested that her husband's estate be reopened, and that she be substituted as the Administratrix of the estate. The County Commission of Jefferson County denied the request and memorialized its decision in an order entered May 26, 1993,[3] stating that the estate appeared to be closed and, consequently, it did not have authority to reopen the estate. Cheryl Richardson did not appeal the May 26, 1993 order. *See* W. Va. Code 58–3–1 (1993).[4]

This wrongful death action was filed on June 30, 1992. The complaint designated the plaintiffs as Joseph Richardson, personal representative of the estate of Richard Walter Richardson, deceased, and Cheryl Richardson, widow and sole beneficiary of the estate of Richard Walter Richardson, deceased.

During the course of a pretrial conference on May 13, 1994, the trial court, pursuant to a motion in limine filed by appellee Kennedy, "struck" Cheryl Richardson as a party plaintiff.[5]

**2.** W. Va.Code 55–7–6(d) (1992) provides, in pertinent part, that:

> Every [wrongful death] action shall be commenced within two years after the death of such deceased person. . . .

**3.** There is no explanation in this record why the order was not entered until nearly one year following the date of the hearing before the County Commission of Jefferson County.

**4.** W. Va.Code 58–3–1 (1993) provides, in pertinent part that:

> An appeal shall lie to the circuit court of the county from the final order of the county commission in the following cases: . . . (e) the appointment and qualification of a personal

representative, guardian, . . . or committee, and the settlement of their accounts. . . .

**5.** The order entered May 24, 1994, which memorialized what occurred during the pretrial conference of May 13, 1994, describes the procedure used by the trial court as striking the plaintiff as a party. No reason is provided for the court's decision. This is an unusual method of dismissing the complaint against a party. *See* W. Va. R. Civ. P. 12(f). However, a subsequent order entered on June 2, 1994, which related what occurred during a continued pretrial conference conducted on May 23, 1994, reveals that the trial court refers to the May 24, 1994 ruling as a dismissal of Cheryl Richardson as a plaintiff, which is the more conventional way to dispose of her claim.

During the course of a continued pretrial conference conducted on May 23, 1994, the court dismissed the balance of the complaint on the grounds that the remaining plaintiff, Joseph Richardson, (1) was unaware of the filing of the complaint; and (2) was not duly appointed or qualified as the personal representative to bring this action and therefore lacked capacity to sue. The legal basis for that decision was W. Va.Code 55–7–6(a) (1992), requiring a wrongful death action to be filed by the personal representative of the decedent.[6]

There is no record of the pretrial conference of May 23, 1994; accordingly, all of the trial court's findings of fact and conclusions of law preceding the dismissal of the complaint were orally announced from the bench. However, we learn what occurred during that conference by virtue of an "Order of Dismissal" entered on June 2, 1994, which is represented as an accurate memorial of what occurred during that conference. That order reveals that the appellant orally moved the court to reconsider its decision dismissing the complaint. The trial court acknowledged that motion and granted leave to serve "supporting memorandum of authorities and argument and proposed order, with copies to the Court and opposing counsel, on or before June 20, 1994."

Obedient to the direction of the trial court, the appellant filed a memorandum supporting the motion to reconsider, with the greatest portion of that memorandum devoted to attempting to persuade the trial court why Joseph Richardson could still be recognized as the personal representative of his brother's estate and therefore would be entitled to continue the maintenance of the wrongful death claim. In addition, the memorandum urged the trial court to "reconsider" allowing Cheryl Richardson to remain as the real party in interest. As an adjunct to this phase of the "Motion to Reconsider," the appellant filed a Motion to Reinstate Cheryl Richardson as a party plaintiff.

The trial court denied the motions for reconsideration and to reinstate Cheryl Richardson as a party plaintiff by order entered July 6, 1994. This appeal challenging that decision was filed on November 4, 1994.

## II.

### TIMELINESS OF APPEAL

The threshold issue we need to address is whether this appeal was timely filed within the required four-month period of the entry of the order which is the subject of this appeal, as required by W. Va. R.App. P. 3(a) and W. Va.Code 58–5–4 (1990).

The appellees contend that the final appealable order was entered on June 2, 1994, which embodied what transpired at the pretrial conference on May 23, 1994. The appellees maintain that if the order entered on June 2, 1994 is the final appealable order, then an appeal filed on November 4, 1994 would be untimely.

We accept the appellees' contention that the order of June 2, 1994 did formally announce that the complaint was dismissed because Joseph Richardson, the remaining plaintiff, lacked the capacity to maintain this wrongful death claim within the provisions of W. Va.Code 55–7–6 (1992). However, that same order tells us that the plaintiff made a "motion to reconsider" that decision on May 23, 1994. Despite our repeated direction to the bench and bar of this State that a "motion to reconsider" is not a properly titled pleading in West Virginia, it continues to be used. *See Lieving v. Hadley,* 188 W.Va. 197, 423 S.E.2d 600 (1992); *see also Rowan v. McKnight,* 184 W.Va. 763 n. 2, 403 S.E.2d 780 n. 2 (1991). The reason for this may be partially our fault because we continue to treat a "motion to reconsider" as either a motion to alter or amend judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure,[7] if served no later than ten days

---

6. W. Va.Code 55–7–6(a) (1992) provides, in pertinent part:

Every [wrongful death] action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this state. . . .

7. W. Va. R. Civ. P. 59(e) states:

*Motion to alter or amend a judgement.*—A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

after entry of the judgment, or a motion for relief from judgment pursuant to Rule 60 of the West Virginia Rules of Civil Procedure.[8] *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992). In *Lieving*, our first two syllabus points were:

> 1. A motion to amend or alter judgment, even though it is incorrectly denominated as a motion to "reconsider", "vacate", "set aside", or "reargue" is a Rule 59(e) motion if filed and served within ten days of entry of judgment.

> 2. Calling a Rule 59(e) motion a motion to "reconsider", "vacate", "set aside", or "reargue" is confusing to a trial court, and where such motions are filed within ten days of judgment they should be correctly styled as Rule 59(e) motions to alter or amend judgment.

*Id.* at Syllabus Points 1 & 2. In addition, we urge the bench and bar to be aware of the appropriate designation of an application to the court for an order following the court's decision entering a judgment under either Rule 59(e) or Rule 60.[9]

It is difficult for us to accept the appellees' argument that the appellant's motion, addressing the decision to dismiss the complaint, was not made within ten days of the court's decision to dismiss the complaint when it was made within minutes after that decision was orally announced. Rule 7(b) of the West Virginia Rules of Civil Procedure [10] permits an oral motion to be made during the course of a hearing; a pretrial conference is

a hearing as contemplated by Rule 7(b). *See* W. Va. R. Civ. P. 16.[11]

We further recognize that even though an oral motion may be made during a hearing, that motion must nonetheless state the grounds for the motion with particularity. W. Va. R. Civ. P. 7(b); *see also Steptoe v. Mason*, 153 W.Va. 783, 789–90, 172 S.E.2d 587, 590–91 (1970). The basis for the court's oral dismissal announcement was that Joseph Richardson's capacity as personal representative had terminated. The appellant disagreed. That disagreement was specific enough to inform the appellees that the appellant was contending that the authority of the personal representative was vigorous enough to permit the suit to move forward. We conclude, under the facts of this case, that an oral motion requesting the reconsideration of an oral decision to dismiss a complaint, stating with particularity the grounds therefor, made during the course of a pretrial conference, is a timely "motion to alter or amend a judgment" sufficient to satisfy the requirements of Rules 7(b) and 59(e) of the West Virginia Rules of Civil Procedure.

Because the 59(e) motion was timely made, the period for appealing the dismissal order was tolled until an order was entered which addressed that motion on its merits. *Lieving v. Hadley*, 188 W.Va. at 201, 423 S.E.2d at 604. The order which we have decided was the appealable order under Rule 59(e) was entered on July 6, 1994.[12] This appeal was timely filed on November 4, 1994.

---

**8.** W. Va. R. Civ. P. 60 provides the procedural mechanism for relief from a judgment or order.

**9.** As an additional reminder, we note that a motion made pursuant to Rule 59(e) tolls the period to appeal until an order is entered addressing that motion, whereas a motion under Rule 60 does not. Syllabus Point 3, *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992).

**10.** W.Va.R.Civ.P. 7(b) provides in pertinent part:

> *Motions and other papers.*—(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

> (2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

**11.** W.Va.R.Civ.P. 16 describes the objectives, scheduling, planning, and subjects to be discussed at a pretrial conference.

**12.** Cheryl Richardson's claim was dismissed on May 13, 1994, as reflected by an order entered May 24, 1994. The appellees did not move that this judgment be made final, nor did the trial court direct the entry of a final judgment, which would have finalized the action as to Cheryl Richardson, pursuant to W. Va. R. Civ. P. 54(b). While it is not always necessary to use the language of Rule 54(b), if an order does not use that language and the litigation on the merits has not ended, then there is no final appealable order.

## III.

## ANALYSIS

 As is our custom, we begin our analysis with the standard of appellate review. We review a circuit court's order granting a motion to dismiss a complaint under a de novo standard. Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

All parties in this appeal converge their arguments on the propriety of the trial court's decision to dismiss the complaint upon whether, at the time the wrongful death action was filed, the personal representative was empowered with the authority to act as the personal representative.[13]

The appellees argue that despite the absence of a formal order closing the estate, the personal representative lost, by operation of law, all power to act as the personal representative one year following his qualification.[14] This argument is supported by the language of W. Va.Code 44–2–1(b) (1982),[15] which provides, in pertinent part:

> The bond of the personal representative and his surety shall be discharged one year after the date of qualification of the personal representative *if no claim shall have been filed with the county clerk and no suit shall have been instituted against* the personal representative.

*Cf. Durm v. Heck's, Inc.*, 184 W.Va. 562, 566, 401 S.E.2d 908, 912 (1991) (recognizing that an order which approximates a final order in its nature and effect may be considered a final order under W. Va. R. Civ. P. 54(b)). Because this litigation continued as to Joseph Richardson, it was necessary to apply the language of Rule 54(b). That was not done. Accordingly, the final appealable order dismissing Cheryl Richardson as a party is the order denying what we have characterized as a 59(e) motion to amend or alter judgment, entered July 6, 1994.

13. The appellant does offer an alternate contention by suggesting that the sole beneficiary, Cheryl Richardson, should be considered a real party in interest. As discussed *infra*, we reject this contention.

14. In the order of dismissal entered on June 2, 1994, the trial court in its findings of fact determined that on July 13, 1991, an order was en-

W. Va.Code 44–2–1(b) (1982) (emphasis added).[16]

The appellant counters this argument by contending that a personal representative has the authority to act until the completion of all fiduciary duties, including pursuing a wrongful death claim on behalf of the beneficiaries of the estate. The appellant refers us to our decision in *Downey v. Kearney*, 81 W.Va. 422, 94 S.E. 509 (1917), as authority for this contention. In *Downey v. Kearney*, this Court held that it would be unreasonable to hold a personal representative responsible in an action for waste after all of the fiduciary duties were completed. *Id.* The appellant syllogizes that because in this case the pursuit of a wrongful death action was part of the unfulfilled duties of the personal representative, the powers of the personal representative endure until the completion of the wrongful death action.

 The contentions of both the appellant and the appellees have merit and could be persuasive. However, we really do not need to complicate this opinion with an esoteric analysis of deciding when a personal representative's authority terminates as it relates to the instituting of a wrongful death claim under W. Va.Code 55–7–6 (1992). Instead, the resolution of this appeal is more obvious and less complicated, but unfortunately, the theory was not raised or argued before the

tered by the County Commission of Jefferson County closing the estate of Richard Walter Richardson and discharging the bond of Joseph Richardson as the administrator of the estate. No such order is found in this record. During oral argument, none of the parties knew of the existence of a formal order and, despite an exhaustive search, could not locate any formal order closing this estate.

15. W.Va.Code 44–2–1(b)(1982) was in effect at the time that Joseph Richardson was appointed administrator of the estate. Since that time, the Code has been amended, but the language of the quoted portion which we cite herein remains the same. W. Va.Code 44–2–1(c)(1995).

16. There is no contention in this case that any claim was filed regarding this estate with the county clerk, and no suit has been instituted against the personal representative.

trial court.[17] This less complicated and more effective theory involves the application of Rule 17(a) of the West Virginia Rules of Civil Procedure, implicating the real parties in interest.[18]

The appellees challenge the capacity of both the personal representative (Joseph Richardson) and the sole beneficiary (Cheryl Richardson) to institute this wrongful death claim on the basis that neither is the real party in interest. *See Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973) (finding that a foreign administratrix lacked the capacity to sue under W. Va.Code 55–7–6 (1967)).

The appellees argue that only a qualified personal representative in a wrongful death action can be the real party in interest, and because Joseph Richardson's powers had expired he was not a qualified personal representative and therefore not the real party in interest at the time this suit was filed. The appellees also correctly argue that Cheryl Richardson, the sole beneficiary of the estate of Richard Richardson, is not the real party in interest, and gains real strength in that argument within the clear language of W. Va.Code 55–7–6(a) (1992), which requires every wrongful death action to be brought in the name of the personal representative of a deceased person who has been duly appointed in this State. As we stated in *Trail v. Hawley,* 163 W.Va. 626, 628, 259 S.E.2d 423, 425 (1979), "[i]t cannot be questioned that a wrongful death action, [W. Va.Code, 55–7–6 (1976) ], must be brought by the personal representative of a decedent's estate." *See also* 3A James W. Moore et al., *Moore's Federal Practice* ¶ 17.12, at 17–114 (2nd

ed.1995). For purposes of this opinion, we agree with the appellees that the real party in interest in this case is the personal representative of the estate of Richard Richardson.

■ We reach this conclusion without retreating from our commitment to the principle that in a wrongful death case, the personal representative is merely a nominal party, and any recovery passes directly to the beneficiaries designated in the wrongful death statute, and not to the decedent's estate. Syllabus Point 4, *McClure v. McClure,* 184 W.Va. 649, 403 S.E.2d 197 (1991). *See also Dunsmore v. Hartman,* 140 W.Va. 357, 361–62, 84 S.E.2d 137, 139–40 (1954); *Peters v. Kanawha Banking & Trust Co.,* 118 W.Va. 484, 488, 191 S.E. 581, 583 (1937). A personal representative may be a nominal party in a wrongful death claim; nonetheless, the personal representative is still the real party in interest as mandated by W. Va.Code 55–7–6 (1992).

Once we harvest from the appellees' contention that this wrongful death action is required to be filed by a qualified personal representative, we will assume, only for purposes of this opinion, that none of the appellants were qualified personal representatives of the Richard Richardson estate. Upon that assumption, we apply our rule which directly speaks to a real party in interest, W. Va. R. Civ. P. 17(a).

■ Our attention is immediately directed to the admonition that no action can be dismissed, if the basis for the dismissal is that the action was not prosecuted by the real party in interest, until a reasonable opportu-

---

**17.** We will not permit the failure to assert a theory of recovery supported by the facts to deny relief when manifest injustice will result. *See Lowther v. Riggleman,* 189 W.Va. 68, 72, 428 S.E.2d 49, 53 (1993).

**18.** W.Va.R.Civ.P. 17(a) provides in pertinent part:

 *Real party in interest.*—Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, or any other fiduciary, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by law may sue in his own name without joining with him

the party for whose benefit the action is brought. When a law of the state so provides, an action for the use or benefit of another shall be brought in the name of the state or any political subdivision thereof. *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.* (Emphasis added.)

nity is provided to allow the proper real party in interest to maintain this action. W. Va. R. Civ. P. 17(a). When the ground for dismissal in a case is that the real party in interest did not institute the civil action, the trial court should stay the dismissal of the complaint and establish a reasonable period of time to allow someone to properly qualify as the real party in interest. *Id.*

In view of the apparent reluctance of Joseph Richardson to continue as the estate's personal representative, the logical choice for that appointment is the sole beneficiary of the estate, Cheryl Richardson. We are quick to note, however, that the prosecution of the claim associated with the alleged medical mismanagement, which caused the death of Richard Richardson, while not an asset of the estate, is still a claim that must be pursued by the personal representative as part of a fiduciary obligation. *See Trail v. Hawley,* 163 W.Va. 626, 259 S.E.2d 423 (1979). In *Trail v. Hawley,* we stated that the personal representative "serves not as a representative of the deceased but as a trustee for the heirs who will receive any recovery, *Thompson v. Mann,* 65 W.Va. 648, 64 S.E. 920 (1909). It follows, therefore, that the personal representative stands in a fiduciary relationship to the ultimate distributees and must act in their best interests." *Trail,* 163 W.Va. at 628, 259 S.E.2d at 425. *See also McClure v. McClure,* 184 W.Va. 649, 403 S.E.2d 197 (1991); *Welsh v. Welsh,* 136 W.Va. 914, 69 S.E.2d 34 (1952).

We will not speculate as to why Joseph Richardson was not inclined to pursue this wrongful death claim because the record is not developed as to those reasons. As we noted in *McClure,* "[w]e have been sensitive to problems that may occur between the beneficiaries of a wrongful death suit and the personal representative." *McClure,* 184 W.Va. at 654, 403 S.E.2d at 202. It is because of that sensitivity that we concluded in *McClure* that upon a proper factual showing, a circuit court would be authorized to remove a personal representative and direct the appointment of a different person to act in that capacity. *See Sowa v. Huffman,* 191 W.Va. 105, 111–12, 443 S.E.2d 262, 268–69 (1994) (recognizing that "any person may petition

the circuit court to remove a personal representative when there is evidence that the personal representative has acted in violation of his or her fiduciary duties"). Extrapolating that principle to this case, we do not deem it inappropriate for the trial court to direct the County Commission of Jefferson County to appoint Cheryl Richardson as the Administratrix of the estate of Richard Richardson. *See* W. Va.Code 44–1–4 (1923). This may be the only effective manner to permit the matter to proceed with the speed which is expected by all parties. *See* Syllabus Point 2, *F.S. & P. Coal Co. v. Inter-Mountain Coals,. Inc.,* 179 W.Va. 190, 366 S.E.2d 638 (1988) (quoting Syllabus Point 3 of *Shields v. Romine,* 122 W.Va. 639, 13 S.E.2d 16 (1940), which states that "[a] court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction").

As we noted above, we do not believe it necessary to decide the question of whether Joseph Richardson was the qualified personal representative of the Richard Richardson estate at the time this wrongful death claim was filed. We say this because the status of Joseph Richardson's appointment at the time the lawsuit was filed takes on secondary importance in light of the provisions of Rule 17(a), which allows a deficiency in the appointment to be cured in a timely manner while the pendency of the action is stayed.

W. Va.Code 44–1–4 (1923) vests in the County Commission of Jefferson County the exclusive statutory authority to appoint the personal representative of the Richard Richardson estate. We are aware that on a prior occasion, the County Commission declined to appoint Cheryl Richardson as a substitute administratrix of her husband's estate. The County Commission should not be encumbered in making this appointment by reasoning that this estate appeared to be closed. If the estate was closed, then reopen it and appoint Cheryl Richardson as Administratrix of the estate after satisfying all of the appropriate statutory prerequisites. If the estate was not closed, then merely appoint Cheryl Richardson as the substitute Administratrix of the estate. Upon remand, we direct the

trial court to require the County Commission to effect this appointment within the boundaries that we have established. We say this for no other reason than this wrongful death action should not be permitted to be forfeited because of the technicality that the nominal party designated to institute and maintain this action cannot be qualified. The letter and the spirit of Rule 17(a) require no less.

If, however, at the expiration of the reasonable time period established by the trial court under Rule 17(a), the appellant has not used her best efforts to qualify as the personal representative of the Richard Richardson estate, then this action should be dismissed.[19]

Reversed and remanded.

---

**19.** We must note that once a person is qualified as the personal representative of the Richard Richardson estate, then this action shall continue in the same fashion as if it had been commenced in the name of that personal representative on the date that civil action was initially filed on June 30, 1992. *See* W.Va.R.Civ.P. 17(a), 15(c). *See Employers Fire Ins. Co. v. Biser*, 161 W.Va. 493, 496–97, 242 S.E.2d 708, 711 (1978); *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973). *See also* W. Va.Code 55–2–18 (1985).