George JONES, Plaintiff,

v.

Stephen B. HARPER, individually and in his capacity as Executor of the estate of Mary Susan Harper, deceased, Defendants.

No. Civ.A. 6:99–0291.

United States District Court, S.D. West Virginia, Parkersburg Division.

July 8, 1999.

---

Rudolph L. DiTrapano, L. Dante DiTrapano, DiTrapano, Burrett & DiPiero, Charleston, WV, for plaintiff.

Heather Heiskell Jones, M. Kate Wilson, Spillman, Thomas & Battle, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

### I. Introduction

Pending before the Court is **Stephen B. Harper's Motion to Dismiss.** The plaintiff, George Jones, has filed a complaint that seeks declaratory and injunctive relief. The defendant avers that the plaintiff's complaint fails to state a claim upon which relief may be granted. However, as is more fully discussed below, the Court **FINDS** that under the probate exception

to federal diversity jurisdiction, this Court does not have subject matter jurisdiction. Consequently, the plaintiff's complaint is hereby **DISMISSED** for want of subject matter jurisdiction. The defendant's motion to dismiss is **DENIED as moot.**

## II. Statement of Facts

This case arises out of the death of Mary Susan Harper, the plaintiff's daughter and the defendant's wife. The complaint alleges that Mrs. Harper was a disabled alcoholic and unable to take care of herself. The plaintiff further charges that the defendant husband, with notice of his wife's disability and suicidal ideation, permitted large quantities of whiskey to be delivered to their home and then left on a ski trip. Left alone, Mrs. Harper is alleged to have drunk the whiskey, become ill and died. The plaintiff asserts that the acts and omissions of Mr. Harper constituted negligence and proximately caused his wife's death. The plaintiff alleges that a wrongful death action should be filed against Mr. Harper. The problem is that under West Virginia law, only the personal representative can bring such an action.

The plaintiff seeks a solution in this federal court action. He asks the court to remove Mr. Harper and order that he be substituted as personal representative. The plaintiff alleges that the defendant breached a fiduciary duty by failing to sue himself. The plaintiff also asks the court to enjoin Mr. Harper from doing his job as personal representative during the pendency of this action.

## III. Discussion

### A.

Before addressing the defendant's motion to dismiss, the Court must first determine whether or not it has subject matter jurisdiction over this controversy.[1] The plaintiff asserts that diversity jurisdiction exists because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). There is no question that the parties are residents of different states. There is a question as to the amount in controversy, but because the Court concludes that it lacks subject matter jurisdiction under the "probate exception" to diversity jurisdiction, it need not reach that issue.

### B.

 "The law is well settled that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts." *Foster v. Carlin,* 200 F.2d 943, 947 (4th Cir.1952); *see also Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946) ("It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, ... which is that of the English Court of Chancery in 1789, did not extend to probate matters."); *Turja v. Turja,* 118 F.3d 1006, 1008 (4th Cir.1997); *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir.1982) (Posner, J.); Gregory C. Luke & Daniel J. Hoffheimer, *Federal Probate Jurisdiction: Examining the Exception to the Rule,* 39 Fed. Bar News & J. 579 (1992). Principles of federalism and comity prevent federal courts from exercising jurisdiction over property that is in the possession of state courts. *See* 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3610 (1984). However, federal courts have jurisdiction over cases that are tangential to the probate proceedings so long as they do "not involve administration of an estate or the probate of a will." *Foster,* 200 F.2d at 947. The jurisdictional line is drawn between matters that are "purely probate matters" and those that

---

1. The plaintiff requests both declaratory and injunctive relief. The federal Declaratory Judgment Act does not by itself confer jurisdiction over a controversy. There must be an independent basis for jurisdiction before the Court may issue declaratory relief. *See* Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, 10B Federal Practice and Procedure Civil 3d § 2766 (1998).

are only "related to probate." Luke & Hoffheimer, *supra*, at 580; *see also* WRIGHT, ET AL., *supra* ("[Probate-related] actions are cognizable only if the federal court does not (1) interfere with the local probate proceedings, or (2) assume general jurisdiction of the probate or control of property in the state court's custody."). Here, the plaintiff requests relief that interferes with the administration of Mrs. Harper's estate. Therefore, this case falls under the probate exception to diversity jurisdiction.

■ In West Virginia, personal representatives are appointed by the county commission. *See McClure v. McClure*, 184 W.Va. 649, 403 S.E.2d 197, 198 (1991) (citing W.VA.CODE § 44–1–4 (1923)). The appointment by the county commission imposes a fiduciary duty on the personal representative to the beneficiaries of the estate. If a personal representative develops a conflict of interest, or breaches his or her fiduciary duty after appointed, the personal representative may be removed by the county commission, or in certain cases by a state circuit court. *See id.* at 203; *see also Richardson v. Kennedy*, 197 W.Va. 326, 475 S.E.2d 418, 425 (1996); *Sowa v. Huffman*, 191 W.Va. 105, 443 S.E.2d 262, 269 (1994). Moreover, in limited circumstances, a circuit court may direct the county commission to appoint a new personal representative. *See, e.g., Richardson*, 475 S.E.2d at 425–26.

■ A duly appointed representative has no duty *vis a vis* the estate to bring any wrongful death action. Rather, that duty devolves upon the personal representative by virtue of the wrongful death statute. *See id.* at 424. That is, bringing the wrongful death action is not a probate or administration task. *See id.* ("[T]he personal representative is merely a nominal party, and any recovery passes directly to the beneficiaries designated in the wrongful death statute, and not to the decedent's estate."). Thus, the personal representative potentially has two separate fiduciary duties: one to the beneficiaries of the estate and one to the wrongful death beneficiaries.

■ Nevertheless, in West Virginia, a personal representative who fails to pursue a valid wrongful death claim may be removed by the circuit court. *McClure*, 403 S.E.2d at 203. Removal is based on the theory that the personal representative has breached his fiduciary duty *to the wrongful death beneficiaries*. Therefore, the consequence of failing to pursue a wrongful death claim on behalf of the beneficiaries may be removal from administration of the estate, even though the two duties are wholly unrelated.

■ While generally this Court has diversity jurisdiction to entertain wrongful death suits between parties of diverse citizenship, the probate exception prevents this Court from granting the preliminary relief—in West Virginia—of removing the defendant and appointing the plaintiff as personal representative. The removal and appointment of a personal representative clearly would interfere with the administration of the estate. *See Markham*, 326 U.S. at 494, 66 S.Ct. 296. There is nothing more central to the administration of the estate than the appointment of an administrator. While state circuit courts may remove personal representatives for failing to pursue wrongful death claims, the probate exception prevents this *federal* Court from interfering with an open state probate proceeding by removing and directing the appointment of a new personal representative.[2] Removing and/or appointing a personal representative has the practical effect of impermissibly drawing the property of the estate into the jurisdiction of

---

2. A different result might obtain where the estate was otherwise closed. *Cf. Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 673 (11th Cir.1991) ("In this case, ... the validity of the wills has been finally resolved by the state courts ... [and] the assets at issue in this case are in the control of the defendants rather than the probate court. The purposes of the probate exception would not be served by declining jurisdiction over this case.").

this court. *See Byers v. McAuley,* 149 U.S. 608, 615, 13 S.Ct. 906, 37 L.Ed. 867 (1893) ("An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court."). That is to say, the probate exception prohibits federal courts from exercising jurisdiction over property that is in the possession of a state court—here the county commission.

This is so even though the plaintiff only claims to seek removal and appointment for the limited purpose of pursuing the wrongful death claim. There is no procedure for appointing a personal representative solely to pursue a wrongful death claim *when the estate is still open.* *Compare McClure,* 403 S.E.2d at 203 (authorizing removal of personal representative from administration of estate when in violation of fiduciary duty to bring wrongful death claim) *with Richardson,* 475 S.E.2d at 425 (directing the appointment of a personal representative to pursue a wrongful death claim after estate was closed).

■ The plaintiff also asks that this Court enjoin the defendant from distributing the property of Mrs. Harper's estate. By doing so, the plaintiff plainly is asking this Court to "assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham,* 326 U.S. at 494, 66 S.Ct. 296. As stated above, the probate exception precludes the Court from asserting such jurisdiction.

■ Finally, the plaintiff asks the Court to declare that the defendant has breached his fiduciary duty by failing to bring a wrongful death claim. Arguably, such declaratory relief would not fall under the probate exception because the fiduciary duty at issue is imposed by the wrongful death statute and not the county commission. Thus, the determination of whether there is a breach in that duty does not directly interfere with the administration of the estate. However, because a personal representative may be removed from administering the estate for failing to pursue a wrongful death claim, the Court believes that this issue is inexorably intertwined with the administration of the estate. Considering that the Court lacks jurisdiction to remove the personal representative, the interests of judicial economy and federalism prohibit the Court from passing on this issue as well. *See Bassler v. Arrowood,* 500 F.2d 138, 142 (8th Cir. 1974).

### III. Conclusion

Because the relief requested by the plaintiff would interfere with a state probate proceeding and the administration of Mrs. Harper's estate, the probate exception deprives this Court of subject matter jurisdiction over the controversy. Accordingly, the plaintiff's complaint is hereby **DISMISSED without prejudice.** The defendants motion to dismiss is **DENIED as moot.** This case shall be **STRICKEN** from the Court's active docket.

The Court **DIRECTS** the Clerk to forward a copy of this Order to counsel of record and all unrepresented parties.