## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**McClung, LLC,**
**Plaintiff Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0842**  (Preston County 11-C-264)

**Any Unknown Heirs of Frank C. Ringer, et al.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner and plaintiff below, McClung, LLC, by counsel Mark E. Gaydos, Buddy Turner, Hilary M. Bright, and Charles G. Johnson, appeals the July 25, 2014, order of the Circuit Court of Preston County that denied its petition for reconsideration of a previous order denying its motion for summary judgment in this declaratory judgment action to quiet title as to the oil and gas, and mineral interests lying within and underneath certain real property situated in Preston County. Respondents and defendants below, Any Unknown Heirs of Frank C. Ringer, et al., by counsel C. Paul Estep, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At issue in this appeal is the ownership of the oil and gas and mineral interests underlying a certain tract of land totaling 241.1 acres, located in Portland District, Preston County, West Virginia ("the subject property").[1] The chain of title of the subject property is as follows:

---

[1] The subject property is assessed upon the 2011 land books for the Portland District of Preston County as "McClung, LLC, FEE 193.85 & 47.25 Laurel Run, CID 3 Par 26" and as part of Parcel 247 on Map 51, situate in Portland District, Preston County, and is bounded and described as follows:

> FIRST TRACT: Beginning at a stone and pointers in the fifth line of the S.B. Crane 225 ¼ acre tract, thence N. 40° E. 136 poles to a stake on the right side of Little Laurel Run; thence up said stream and the meanders thereof, N. 46° W. 40 poles; N. 25° W. 140 poles; N. 58° 45 poles to the County Road near the old Nordeck School House; thence S. 50° W. 106 poles to the junction of the Pine Run county road with the County road before mentioned; thence with the lines of

(continued . . .)

1

By deed dated April 30, 1917, and of record in said County Clerk's office in Deed Book 146, at page 515, Joseph B. Cheuvront and his wife granted and conveyed to Fred A. Thayer certain rights to coal, including rights to coal underlying the subject property.

By deed dated September 27, 1917, and of record in said County Clerk's office in Deed Book 146, at page 517, Fred A. Thayer granted and conveyed to Freeport Coal Company the rights to coal underlying the subject property obtained in the April 30, 1917, conveyance.

By deed dated October 16, 1928, and of record in said County Clerk's office in Deed Book 176, at page 181, Freeport Coal Company granted and conveyed to Laurel Valley Coal Company the rights to coal underlying the subject property obtained in the September 27, 1917, conveyance.

By deed dated November 30, 1935, and of record in said County Clerk's office in Deed Book 186, at page 363, Laurel Valley Coal Company granted and conveyed to Stanley Coal Company the rights to coal underlying the subject property obtained in the October 16, 1928, conveyance, and being the same property that was conveyed to F. A. Thayer, Trustee, from J. B. Cheuvront, by deed dated April 30, 1917, and recorded in Deed Book No. 146, at page 515.

By deed dated April 18, 1942, and of record in said County Clerk's office in Deed Book 216, at page 414, Virginia A. Tetrick and her husband, Guy A. Tetrick, granted and conveyed to Dewey W. Bowser and Pansy Bowser "all of" the subject property, expressly reserving from this conveyance "all of the minerals within, upon, and underlying said two tracts of land herein described, together with the right unto said parties of the first part, their heirs or assigns, to mine, excavate, strip, bore, or otherwise produce and transport to market all said minerals" (hereinafter the "Tetrick Reservation").

The Tetrick Reservation was purchased by Floyd E. Ringer and Frank C. Ringer for delinquent taxes for the year 1943 in the name of Virginia A. Tetrick. By deed dated June 1,

---

land owned or formerly owned by John Vanverth, S. 43° E. 85 poles; S. 36° W. 93 poles to a pine, now a stump; thence S. 70° 106 poles to a stake and stone pile; thence S. 35° E. 46 ½ poles to the beginning and containing One Hundred Ninety Three and Eighty Five Hundredths (193.85) acres, more or less.

SECOND TRACT: Immediately adjoining "first tract" and beginning at a maple tree, corner to lands heretofore owned by Heavner and Tetrick; thence N. 1° 27´ E. 108.3 poles to a stone pile across little Laurel Run; thence up said run with a line of lands formerly owned by the Freeport Coal Company, N. 83° W. 20 poles to a stake, and corner to first tract above mentioned thence with a line thereof S. 40° W. 136 poles to a stone, and corner to "first tract" above; thence leaving same with a land nor or formerly owned by the Preston Coal Lands Company, S. 30° E. 13 ½ poles to a stone pile; thence N. 83° 45´ E. 103.42 poles to the beginning, and containing Forty Seven and one fourth acres (47.25), more or less.

1946, and of record in said County Clerk's office in Deed Book 246, at page 374, the Clerk of County Court of Preston County granted and conveyed the Tetrick Reservation to Frank C. Ringer and Floyd E. Ringer pursuant to West Virginia law governing delinquent taxes. The delinquent tax deed purported to convey the whole subject property in fee; however, the 1945 tax assessment recited in this deed describes the Tetrick Reservation as "coal."

By quitclaim deed dated January 10, 1947, and of record in said County Clerk's office in Deed Book 250, at page 442, Floyd E. Ringer and Rose M. Ringer and Frank C. Ringer and Pearl L. Ringer conveyed to Dewey W. Bowser and Pansy Bowser "all and any right, title and interest in the surface of said lands owned by the [Bowsers] by reason of" the aforementioned delinquent tax deed. The quitclaim deed stated, in relevant part, as follows:

> WHEREAS, the Sheriff of Preston County attempted to sell the coal under said land for the non-payment of taxes thereon for the year 1943 to the said Grantors, Floyd E. Ringer and Frank C. Ringer, who thereafter demanded a deed for said coal and mining rights from the Clerk of the County Court of said Preston County, and that in making said deed said Clerk conveyed or attempted to convey, in addition to said coal and mining rights under said tracts, the surface lands so purchased by the Grantees herein from Virginia A. Tetrick, said deed being dated June 1, 1946, and recorded in said County Clerk's office in Deed Book No. 246, at page 374; and
>
> WHEREAS, it was not the intention of the said County Clerk to convey said surface lands and other interest in this land owned by the Grantees [Bowsers], and the said Grantors [Ringers] desiring to quitclaim any interest that they might have or claim by reason of the making of said deed by said County Clerk to the said Grantors; and
>
> WHEREAS, the said Grantees have paid the taxes on said land for the year 1943;
>
> NOW, THEREFORE, THIS DEED WITNESSETH: That for and in consideration of the premises aforesaid and One Dollar ($1.00) cash in hand paid by the Grantees to the Grantors, the said Grantors do quitclaim all and any right, title and interest in the surface of said lands owned by the Grantees by reason of said deed made to the Grantors by said County Clerk, dated June 1, 1946, and recorded in said Clerk's office in Deed Book No. 246, at page 374, it being the intention of this deed to release all the rights in said lands purchased by the Grantees herein from Virginia A. Tetrick, dated and recorded as aforesaid, insofar as said County Clerk's tax deed is concerned.

Thereafter, Stanley Coal Company filed a lawsuit in the Circuit Court of Preston County alleging that the conveyance identified above in the June 1, 1946, tax deed recorded in Deed Book 246, at page 374, included a duplicate assessment of coal and that it (Stanley Coal) was the owner of the coal that was purportedly conveyed to the Ringers by virtue of the tax deed. The circuit court agreed and, by order entered December 15, 1947, the tax deed to the Ringers was set aside as to the coal. The circuit court determined that Stanley Coal was the owner of the rights to

the coal by virtue of the November 30, 1935, conveyance from Laurel Valley Coal. It set aside the tax deed as a cloud upon Stanley Coal's title as to the coal due to the duplicate assessment of that coal and ordered that the Ringers re-convey to Stanley Coal the real estate claimed to have been conveyed in the tax deed "as to said coal and mining rights, for the purpose of clearing the title, and to clear the record of title of said real estate owned by" Stanley Coal. The order further stated "that the instant property, coal and mining rights, is [sic] currently assessed on the Land Books of Preston County, West Virginia, in duplication for taxation[.]"

By deed dated February 11, 1948, and of record in said County Clerk's office in Deed Book 259, at page 202, Milford L. Gibson, a commissioner specially appointed by the circuit court for the purpose of making, acknowledging, and delivering said deed of conveyance, conveyed to Stanley Coal "all the coal and mining rights in and to the coal underlying" the subject property.

By deed dated December 17, 1960, and of record in said County Clerk's office in Deed Book 355, at page 634, Stanley Coal conveyed to Virginia A. Tetrick, James H. Heavner, and Edith Heavner Lambie all "right, title and interest in and to" the subject property.

By deed dated May 20, 1963, and of record in said County Clerk's office in Deed Book 378, at page 195, Virginia A. Tetrick, James H. Heavner and his wife, Georgia M. Heavner, and Edith Heavner Lambie and her husband, William K. Lambie, conveyed to Dewey W. Bowser and Pansy Bowser "all their right, title and interest whatsoever, both at law and in equity, in and to the surface overlying" the subject coal, in addition to "all of the unmined coal and mining rights pertaining thereto."

By deed dated May 15, 1971, and of record in said County Clerk's office in Deed Book 420, at page 339, Dewey W. Bowser and Pansy Bowser conveyed to J. Robert DeWitt and Linda R. DeWitt "all of" the subject property and describing said property as "being the same property which was conveyed to the Grantors by two deeds, the surface was conveyed by deed from Virginia A. Tetrick . . . Deed Book 216, at Page 414; the minerals [sic] were conveyed by deed from Virginia A. Tetrick . . . Deed Book 378, at Page 195."[2]

By deed dated April 26, 1972, and of record in said County Clerk's office in Deed Book 428, at page 566, J. Robert DeWitt and Linda R. DeWitt granted and conveyed to Lowell N. McClung and Margaret W. McClung "all of" the subject property.

By deed dated December 28, 1998, and of record in said County Clerk's office in Deed Book 607, at page 247, Lowell N. McClung and Margaret W. McClung conveyed to McClung, LLC, petitioner herein, inter alia, "all of" the subject property.

On December 28, 2011, petitioner filed a complaint for declaratory judgment seeking to quiet title to the oil and gas and mineral interests lying within and underneath the subject property. The

---

[2] Actually, the conveyance of record in Deed Book 378, at page 195 conveyed "the unmined coal and mining rights pertaining thereto."

defendants below and respondents herein were, at one time or another, predecessors in title, or the heirs or assigns to the predecessors in title, to petitioner, to the subject property. On February 10, 2012, petitioner filed a motion for default judgment against the Ringer heirs because they failed to file an answer. The circuit court refused to grant the motion because it needed to determine title. The Tetrick defendants reached a settlement with petitioner on or about February 1, 2013. Respondents herein are the heirs, known and unknown, of the Ringers.

On April 19, 2013, petitioner filed a motion for partial summary judgment against respondents on the ground that respondents do not have any interest in and to the minerals underlying the subject property by virtue of the January 10, 1947, quitclaim deed to the Bowsers and the circuit court's order entered December 15, 1947. Respondents did not file a response.

By order entered February 14, 2014, the circuit court denied petitioner's motion. Petitioner filed a motion to reconsider on May 1, 2014, and a hearing thereon was conducted on June 16, 2014. By order entered July 25, 2014, the circuit court denied petitioner's motion[3] and, concluding that there was "nothing left in this Court to be done in this case[,]" declared the order to be final. *See* Syl. Pt. 2, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974) (holding that "[a]n order denying a motion under Rule 60(b), W.Va. R.C.P., is final and appealable.").This appeal followed.

This Court has consistently held that a circuit court's decision to grant or deny a Rule 60(b) motion warrants deferential review by this Court. "A motion to vacate a judgment made

---

[3] Petitioner's so-called "motion to reconsider" was filed pursuant to Rule 60(b)(6) of the West Virginia Rules of Civil Procedure, which provides, in pertinent part, that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." In its July 25, 2014, order, the circuit court admonished petitioner that "'[t]he rules of civil procedure do not recognize a "motion for reconsideration[,]"'" and that

> "a rule 60(b) motion is simply not an opportunity to reargue facts and theories upon which a court has already ruled. The basis for setting aside a judgment under the rule must be something that could not have been used to obtain a reversal by means of a direct appeal." Franklin D. Cleckley, Robin Jean Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* 1296, 1297 (4th ed. 2012).

We note that, notwithstanding the fact that petitioner's motion "[wa]s not procedurally proper," the circuit court addressed the merits of the motion. *See Builders' Serv. & Supply Co. v. Dempsey*, 224 W.Va. 80, 83, 680 S.E.2d 95, 98 (2009) (reiterating that a "motion to reconsider" is not a "properly titled pleading in West Virginia" and should be referred to as a "Rule 60(b) motion"). We commend the circuit court for pointing out this oft-seen misnomer. *See Richardson v. Kennedy*, 197 W.Va. 326, 329, 475 S.E.2d 418, 421 (1996) (stating that "[d]espite our repeated direction to the bench and bar of this State that a 'motion to reconsider' is not a properly titled pleading in West Virginia, it continues to be used.").

pursuant to Rule 60(b), W.Va. R.C. P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler,* 157 W.Va. at 778, 204 S.E.2d at 86. Furthermore, "[i]n reviewing an order denying a motion under Rule 60(b), W.Va. R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Id.*, at syl. pt. 4.

Petitioner's first assignment of error challenges the circuit court's conclusion that the January 10, 1947, quitclaim deed intended to quitclaim only the surface of the subject property. Petitioner argues that, to the contrary, the quitclaim deed clearly and unambiguously intended to convey "any interest" that the grantors (the Ringers) "might have or claim" in the subject property. Petitioners contend that, by virtue of the delinquent tax deed, the Ringers owned the Tetrick Reservation, which included oil and gas interests underlying the subject property; therefore, "any interest" quitclaimed by the Ringers to the Bowsers, petitioner's predecessor in title, includes the oil and gas underlying the property.

Upon careful review of the record before us, we find no error. By quitclaim deed dated January 10, 1947, the Ringers conveyed to the Bowsers, petitioner's predecessor in title, "all and any right, title and interest in the *surface* of said lands owned by the [Bowsers] by reason of" the June 1, 1946, tax deed. Viewing the quitclaim deed in its entirety, the circuit court observed that the quitclaim deed states that "'the Grantees [Dewey and Pansy Bowser,] purchased from Virginia A. Tetrick said surface lands . . . .[,]'" and further that the

> "Sheriff of Preston County attempted to sell the coal under said land for the non-payment of taxes thereon for the year 1943 to the said Grantors, Floyd E. Ringer and Frank C. Ringer, who thereafter demanded a deed for said coal and mining rights from the Clerk of the County Court . . . ."

The circuit court further observed that the quitclaim deed states that "'in making said deed, said Clerk conveyed or *attempted to convey*, in addition to said coal and mining rights under said tracts, the *surface lands* so purchased by the [Bowsers] from Virginia A. Tetrick, said deed being dated June 1, 1946, and recorded . . . in Deed Book No. 246, at page 374.'" Further, the quitclaim deed specifically states that

> it was not the intention . . . to convey *said surface lands* and other interest in this land *owned by the Grantees [Bowsers]*, and the said Grantors [Ringers] desiring to quitclaim any interest that they might have or claim by reason of the making of said deed by said County Clerk to the said Grantors [Ringers] . . . . the said Grantors [Ringers] do *quitclaim* all and any right, title and interest in the *surface* of said lands owned by the Grantees [Bowsers] by reason of said deed made to the Grantors [Ringers] by said County Clerk, dated June 1, 1946 . . . .

The 1947 quitclaim deed is a contractual instrument that must be considered as a whole in order to ascertain its intent. This Court has held repeatedly that

"[i]n construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith." Syllabus Point 1, *Maddy v. Maddy,* 87 W.Va. 581, 105 S.E. 803 (1921).

Syl. Pt. 5*, Faith United Methodist Church v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013) (*overruling Ramage v. South Penn Oil Co.*, 94 W.Va. 81, 118 S.E. 162 (1923)). Furthermore,

"[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syllabus Point 1, *Cotiga Development Company v. United Fuel Gas Company,* 147 W.Va. 484, 128 S.E.2d 626 (1962).

*Id.*, 231 W.Va. at 425, 745 S.E.2d at 463, syl. pt. 4.

Viewing the quitclaim deed in its entirety, the circuit court concluded that the deed clearly and unambiguously intended to quitclaim only the surface of the subject property, which had previously been conveyed to the Bowsers by the April 18, 1942, deed from Virginia Tetrick and Guy Tetrick to Dewey and Pansy Bowser and of record in Deed Book 216, at page 414. The circuit court explained that, "[p]ut another way, the 1947 Quitclaim Deed quieted the title to the doubtful title claim the Ringers had to the surface of the subject property."

As we held in syllabus point two of *Faith United Methodist*,

[t]he word "surface," when used in an instrument of conveyance, generally means the exposed area of land, improvements on the land, and any part of the underground actually used by a surface owner as an adjunct to surface use (for example, medium for the roots of growing plants, groundwater, water wells, roads, basements, or construction footings).

231 W.Va. at 425, 745 S.E.2d at 463. Therefore, in light of the foregoing, we find that the circuit court did not abuse its discretion in concluding that the quitclaim deed clearly and unambiguously conveyed only the interest the Ringers had, if any, in the surface lands on the subject property.[4]

Petitioner raises two additional assignments of error in this appeal: (1) that the circuit court erred in finding that the prior order of December 15, 1947, did not extinguish any interest that the Ringers may have possessed; and (2) that the circuit court erred in failing to find that the

---

[4] Given our conclusion that the quitclaim deed was clear and unambiguous, we need not address petitioner's argument that, in the alternative, the deed was ambiguous and should have been construed such that it conveyed the oil and gas interests underlying the subject property.

7

Ringers were not estopped by the quitclaim deed. We note, however, that petitioner failed to raise these arguments in its Rule 60(b) motion before the circuit court. This Court has cautioned that "[a]n appeal of the denial of a Rule 60(b) motion . . . brings to consideration for review *only* the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Jividen v. Jividen*, 212 W.Va. 478, 481, 575 S.E.2d 88, 91 (2002); *See also* Syl. Pt. 3, *Toler,* 157 W.Va. at 778, 204 S.E.2d at 86. Accordingly, "[t]he function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Id.* at syl. pt. 4, in part. Given that our review is limited to the July 15, 2014, order denying petitioner's Rule 60(b) motion and that the assignments of error set forth above were neither raised by petitioner nor considered by the circuit court under Rule 60(b), we decline to address them in the present appeal. *See* Syl. Pt. 3, *Voelker v. Frederick Bus. Prop. Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Brent D. Benjamin

8