WEST VIRGINIA UTILITY CONTRACTORS ASSOCIATION,

*etc., et al.*

*v.*

LAIDLEY FIELD ATHLETIC AND RECREATIONAL CENTER

GOVERNING BOARD, *et al.*

(No. 14524)

Decided December 18, 1979.

*Pauley, Curry & Thaxton, Everette F. Thaxton* for appellants.

*Love, Wise, Robinson & Woodroe, John O. Kizer* for appellees.

PER CURIAM:

This is an appeal by the West Virginia Utility Contractors Association and Richard G. Jackson from a final

order of the Circuit Court of Kanawha County dismissing their declaratory judgment complaint. In this appeal we are asked to determine whether the appellants had standing to bring their action and whether a justiciable controversy adequate to support a declaratory judgment proceeding existed.

By an agreement dated November 23, 1977, the Board of Education of the County of Kanawha, The County Commission of Kanawha County, and The State of West Virginia, pursuant to the provisions of *W.Va. Code*, 23-8-1, *et seq.*, created the Laidley Field Athletic and Recreational Center Governing Board for the purpose of enlarging and improving the public recreational facilities at Laidley Field, in the City of Charleston.

On March 3, 1978, after competitive bidding, the Laidley Field Athletic and Recreational Center Governing Board awarded a $500,000 contract to E. L. Harris & Son, Inc. for the construction of pre-cast concrete stands at Laidley Field. On June 1, 1978, without conducting competitive bidding, the Board awarded an additional $1,100,000 contract to E. L. Harris & Son, Inc. The appellants allege that the Board also awarded, without competitive bidding, at least six other contracts to various firms.

Upon learning that the contracts had been let without competitive bidding, the appellants protested to the Board. The Board, after obtaining a legal opinion, asserted that it was under no legal obligation to submit its contracts to competitive bidding.

After learning the Board's position, the appellants, on August 16, 1978, filed a complaint for declaratory judgment with the Circuit Court of Kanawha County. Among other points, they prayed that the court declare that contracts entered into by the Laidley Field Athletic and Recreational Center Governing Board be awarded only after the Board complied with the competitive bidding requirements imposed by law upon the Governing Board's creating agencies, The Board of Education of the County of Kanawha, The County Commission of

Kanawha County, and The State of West Virginia by the Department of Finance and Administration. They also prayed that the court declare that *W.Va. Code*, 23-8-1, *et seq.*, which allows public agencies to combine and jointly operate through a single administrative agency, in no way relieves any of the public agencies, or their joint administrative entity, from any legal responsibility to offer construction contracts for public works on the basis of competitive bidding.

After the filing of the complaint, the appellees, who were the defendants below, moved to dismiss on, among other grounds, the fact that the complaint had failed to allege an actual justiciable controversy, and on the ground that the appellants had no real, present adversary interest in the matter.

In opposition to the motions to dismiss the appellants filed the affidavit of Nick Ciccarello, Jr., the Executive Director of the West Virginia Utility Contractors Association. That affidavit said:

"3. That the Association has a total of 131 members, all of whom are directly interested in public construction within the State of West Virginia.

"4. Of the total Association membership there are many contractors directly involved in the construction of public works such as the Laidley Field project, who have been denied the opportunity to submit their bids for consideration because the contracts for construction of that public works project were awarded without competitive bidding.

"5. That he is personally acquainted with Richard G. Jackson and states based on his personal knowledge that said Richard G. Jackson is a West Virginia citizen and taxpayer and a resident of Hamlin, Lincoln County, West Virginia, and the said Richard G. Jackson is further the President of a construction company and a member of the West Virginia Utility Contractors Association."

By order entered February 21, 1979, the Judge of the Circuit Court of Kanawha County dismissed the appellant's complaint. The appellants now contend that the court's ruling was erroneous in holding that they lacked standing to pursue the action and that no justiciable controversy existed between the parties.

In our recent decision in *Shobe v. Latimer,* ____ W.Va. ____, 253 S.E.2d 54 (1979), we examined the question of what constitutes adequate standing to bring a declaratory judgment proceeding. In that case, while recognizing the general rule that third parties to a contract between two private citizens cannot sue to obtain a declaration as to the validity of the contract, held that where a public contract is involved and where that contract has an impact on individuals, those individuals have standing to bring a declaratory judgment proceeding. In Syllabus Point 2 of that case, we said:

> "For standing under the Declaratory Judgments Act, it is not essential that a party have a personal legal right or interest."

We also said (Syllabus Point 1):

> "When significant interests are directly injured or adversely affected by governmental action, a person so injured has standing under the Uniform Declaratory Judgments Act, W.Va. Code § 55-13-1 *et seq.* [1941] to obtain a declaration of rights, status, or other legal relations."

In analyzing the facts of the case before us, it is clear that the appellants, members of the West Virginia Utility Contractors Association, and Richard G. Jackson, a member of that association and the president of a construction company, were precluded from competing for, and obtaining, contracts to perform work at Laidley Field by the action of the Laidley Field Athletic and Recreational Center Governing Board in awarding contracts without submitting them for competitive bidding. In that sense their rights were affected by governmental action. Under our analysis in *Shobe* the appellants clearly have standing to obtain a declaration of the legal

right of the Laidley Field Athletic and Recreational Center Governing Board to enter into contracts without submitting them to competitive bidding.

The second question raised in this appeal is whether there was, at the time of the filing of the complaint, an adequate justiciable controversy to support this declaratory judgment proceeding.

In a recent decision we stated:

> "While the Uniform Declaratory Judgments Act, *W.Va. Code,* 55-13-1 et seq. [1941] does not *expressly* require a justiciable controversy as a condition precedent to its application, we have held that the issue to be determined must be potentially justiciable at some future time when the things sought to be avoided by the declaratory judgment action will have occurred. *Robertson v. Hatcher,* 148 W.Va. 239, 135 S.E.2d 675 (1964). Simply stated, for the purposes of a declaratory judgment action, a justiciable controversy exists when a legal right is claimed by one party and denied by another." *Trail v. Hawley,* ____ W.Va. ____, ____, 259 S.E.2d 423, ____ (1979).

After analyzing the facts of the case before us, we conclude that there was a justiciable controversy, within the definition of *Trail.* Clearly the appellants claimed a legal right—the right to have contracts of the Laidley Field Athletic and Recreational Center Governing Board submitted to competitive bidding. Likewise, the Board denied that right. The Board asserted that it had no legal duty to submit to the bidding procedure.

Because we conclude that the appellants had standing and that there was a justiciable controversy, the decision of the Circuit Court of Kanawha County is reversed, and this case is remanded for further development.

*Reversed and remanded.*